| | |
|---|---|
| 1 | ROBERT A. SIEGEL (S.B. #64604) |
| 2 | rsiegel@omm.com<br>O'MELVENY & MYERS LLP |
| 3 | 400 South Hope Street, 18th Floor<br>Los Angeles, CA 90071-2899 |
| 4 | Telephone: 213-430-6000<br>Facsimile: 213-430-6407 |
| 5 | ADAM P. KOHSWEENEY (S.B. #229983) |
| 6 | akohsweeney@omm.com<br>SUSANNAH K. HOWARD (S.B. #291326) |
| 7 | showard@omm.com<br>O'MELVENY & MYERS LLP |
| 8 | Two Embarcadero Center<br>San Francisco, CA 94111-3823 |
| 9 | Telephone: 415-984-8912<br>Facsimile: 415-984-8701 |
| 10 | Attorneys for Defendant |
| 11 | United Airlines, Inc. |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. WARD, individually, and on behalf of all others similarly situated,<br>　　　　　　Plaintiff,<br>v.<br>UNITED AIRLINES, INC., and Does 1 through 50, inclusive,<br>　　　　　　Defendants. | Case No. CV _____<br><br>**NOTICE OF REMOVAL OF DEFENDANT UNITED AIRLINES, INC.**<br><br>(28 U.S.C. §§ 1332(d), 1441(a))<br><br>(San Francisco Superior Court Case No. CGC-15-545178) |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF CHARLES E. WARD AND PLAINTIFF'S ATTORNEY OF RECORD JACKSON HANSON, LLP:**

　　　　Pursuant to 28 U.S.C. §§ 1332(d), 1441(1) and 1446, Defendant United Airlines, Inc. ("United") hereby files this Notice of Removal, removing this action brought by Plaintiff Charles

NOTICE OF REMOVAL CV _____

E. Ward ("Plaintiff") from the Superior Court of the State of California, County of San Francisco, where the action is currently pending, to this Court pursuant to 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005. United states the following grounds for removal:

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. On April 24, 2015, United received a Summons and Complaint that had been filed on April 3, 2015, a true and correct copy of which is attached hereto collectively as Exhibit A. The action was brought as a putative class action in the Superior Court of the State of California, County of San Francisco, styled and captioned exactly as above, and assigned Case No. CGC-15-545178. On May 21, 2015, United filed an Answer to the Complaint in the Superior Court of the State of California, County of San Francisco, a copy of which is attached hereto as Exhibit B. No other process, pleadings or orders have been filed and served in this action, and no other defendant has been named or served.

2. The Complaint asserts two causes of action, both predicated on alleged violations of California Labor Code §226(a). Specifically, Plaintiff contends that United failed to include its physical address, failed to list hours worked, and failed to list applicable hourly rates on wage statements for "every pay period [and] with respect to every pilot in California." (Compl. 16.)

3. In Plaintiff's First Cause of Action, Plaintiff seeks civil penalties for these alleged violations of Labor Code § 226(a) pursuant to the California Labor Code Private Attorney General Act ("PAGA"), Lab. Code §§ 2698 et seq. (*Id*. ¶¶ 11, 14-17.) Plaintiff seeks PAGA penalties for "each current and former pilot employee for each pay period in the applicable statute of limitations in which their wage statements did not comply with §226(a), plus reasonable attorney's fees and costs." (*Id*. ¶ 17.)

4. In Plaintiff's Second Cause of Action, Plaintiff seeks civil penalties for these alleged violations of Labor Code §226(a) pursuant to Labor Code § 226(e), on behalf of himself and a putative class of "[a]ll persons who were or are employed by [United] in California as pilots at any time from one year before the filing of the Complaint up to present." (*Id*. ¶ 19.)

5. This Notice of Removal has been filed within thirty (30) days of service of United, and, as no other defendant has been named or served, the requirement of 28 U.S.C. § 1446(b) requiring removal within thirty (30) days of service of the first defendant has been satisfied. Therefore, this Notice of Removal has been timely filed.

**BASIS FOR REMOVAL: CLASS ACTION FAIRNESS ACT OF 2005 ("CAFA")**

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), which provides that the United States District Courts have original jurisdiction over any class action: (i) involving a plaintiff class of 100 or more members, (ii) where at least one member of the plaintiff class is a citizen of a State different from any defendant, and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2)(A) & (5)(B); *see also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (explaining that "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant." (internal quotation marks omitted)).[1]

7. These three conditions are satisfied here. First, Plaintiff filed this action as a "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(b) because Plaintiff pleads that this civil action should be considered a class action under California law. (Compl. ¶ 19.) Plaintiff also alleges that there are over 2000 members of the putative class. (*Id*. ¶ 22.)

8. Second, Plaintiff is a citizen of the state of California. (*Id*. ¶ 7.) United is incorporated in the State of Delaware, with its principal place of business in Chicago, Illinois, and is therefore for removal purposes a citizen of the State of Delaware and of the State of Illinois. Thus, Plaintiff is a citizen of a state different from United within the meaning of 28 U.S.C. § 1332(d)(2)(A).

9. Third, the claims asserted by the plaintiff class, aggregated as required by 28 U.S.C. § 1332(d)(2), exceed the necessary sum of $5,000,000 "in controversy" within the

---

[1] United does not waive, and expressly reserves, all arguments that this matter is improper for both class certification and as a non-class representative action.

1  meaning of 28 U.S.C. § 1332(d)(2).  Although United denies that Plaintiff and/or any putative
2  class member is entitled to any relief based on the allegations in the Complaint, given the size of
3  the proposed class and the breadth of the claims alleged and relief sought, the amount put "in
4  controversy" by this litigation exceeds $5,000,000:

    a. Plaintiff contends that United has violated §226(a) "every pay period with respect to every pilot in California."  Since January 1, 2014, United has employed approximately 2,660 pilots who were domiciled in and/or reside(d) in California.  (Declaration of Kevin Spars (filed concurrently herewith) ¶ 2.)  United generally issues payments to each pilot twice per month, or twenty four (24) times per year.[2]  (*Id.* ¶ 3.)

    b. Labor Code §226(e) allows employees to recover penalties of fifty dollars ($50) for an initial violation of §226(a) and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4000), plus attorney's fees and costs.  Cal. Lab. Code §226(e).  As a civil penalty, recovery under §226(e) is subject to a one-year statute of limitations.  Cal. Code Civ. Pro. § 340(a).

    c. For each pilot employed by United in California within the applicable limitations period, the penalties "in controversy" under §226(e) from the beginning of the limitations period to the Complaint's April 3, 2015 filing date, are:

        i. $50 for the initial alleged violation + ($100 x 23 for subsequent violations within the one-year period) = $2,350.

    d. Therefore, for all 2,660 pilots, the amount in controversy based solely on penalties pursuant to §226(e) under Plaintiff's Second Cause of Action for a one-year time period, is approximately:

        i. $2,350 x 2,660 pilots = $6,251,0000

---

[2] United contests whether both of these payments constitute a "payment of wages" within the meaning of Cal. Lab. Code §226(a), but expects Plaintiff to argue that both do.

      e.    Because plaintiffs are likely to allege that penalties will continue to accrue following the filing of the Complaint through to final judgment, this is a conservative estimate of the penalties "in controversy" under Plaintiff's First Cause of Action.

10. Plaintiff also seeks to recover PAGA penalties "for each current and former pilot employee of Defendants for each pay period in the applicable statute of limitations in which their wage statements did not comply with § 226(a)" (Compl. ¶ 17), which further increases the alleged amount "in controversy" beyond $5,000,000. *See, e.g. Pagel v. Dairy Farmers of America, Inc.*, 986 F. Supp. 2d 1151 (C.D. Cal. 2013) (aggregate PAGA penalties properly considered in calculating amount in controversy for purposes of assessing CAFA jurisdiction). The PAGA penalties at issue in this case are equivalent to the penalties at issue under § 226(e). *See* Cal. Lab. Code §§ 2699(a) & (f)

11. In addition, Plaintiff seeks to recover his attorney's fees pursuant to PAGA and Lab. Code § 226(e), which further increases the alleged amount "in controversy" beyond $5,000,000. (Compl. ¶¶ 17, 29, 30.); *see Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994 (9th Cir. 2007) (including attorneys' fees in calculating amount in controversy), *overruled on other grounds by Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927 (9th Cir. 2001) (holding that attorneys' fees were properly included in the amount in controversy requirement in a class action); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150 (9th Cir. 1998) (including attorneys' fees in calculating the amount in controversy requirement for traditional diversity jurisdiction).

12. Lastly, Plaintiff seeks an injunction pursuant to Lab. Code § 226(h) requiring United to comply with § 226(a). (Compl. ¶ 30, and at 8 (Prayer for Relief).) The cost of compliance with such an injunction—which is also properly considered when calculating the amount "in controversy"—will further increase the amount in controversy beyond the jurisdictional threshold. *See, e.g. Pagel*, 986 F. Supp. at 1158-1159 (recognizing that the pecuniary result to defendant is properly considered particularly where plaintiff pursues an equitable remedy).

13.   Thus, based on the reasonable assumptions set forth herein, the potential compensatory damages, together with the statutory penalties and attorneys' fees, exceed the $5,000,000 aggregate amount in controversy requirement set forth under 28 U.S.C. § 1332(d)(2). *Dart Cherokee*, 135 S.Ct. at 554 ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

## VENUE

14.   Plaintiffs' state court action was commenced in the Superior Court of the State of California for the County of San Francisco and, pursuant to 28 U.S.C. §§ 84(a), 1441(a), & 1446(a) may be removed to this United States District Court for the Northern District of California, which embraces San Francisco County within its jurisdiction.  (*See* Civil L.R. 3-2(d).)

## CONCLUSION

15.   For the reasons discussed herein, pursuant to 28 U.S.C. §§ 1332(d), 1441(a) & 1446, this state court action may be removed to this Federal District Court.

**WHEREFORE**, Defendant requests that this action be brought to this Court, and that this Court exercise its jurisdiction in the premises.

Dated: May 22, 2015.

O'MELVENY & MYERS LLP
ROBERT A. SIEGEL
ADAM P. KOHSWEENEY
SUSANNAH K. HOWARD


By:   /s/ Adam P. KohSweeney
         Adam P. KohSweeney
Attorneys for Defendant United Airlines, Inc.