UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES E. WARD,

        Plaintiff,

  v.

UNITED AIRLINES, INC.,

        Defendant.

No. C 15-02309 WHA

**ORDER RE MOTION TO MODIFY CLASS DEFINITION ON REMAND**

This case returns after a trip to our court of appeals and the California Supreme Court. Prior orders detailed the facts (Dkt. No. 78). In brief, United Airlines has paid its pilot using wage statements that plaintiff alleges do not comply with California Labor Code Section 226. We previously certified a class of United pilots who live in California and pay California income taxes (Dkt. No. 44). Then, our summary judgment order found for defendant on the grounds that (1) these pilots did not work primarily in California and (2) applying Section 226 to this class would violate the dormant commerce clause. Defendant appealed.

Our court of appeals certified two questions to this state's supreme court. The *first* asked whether Section 226 applies to pilots who entered a collective bargaining agreement applying federal law, namely Wage Order No. 9. *See Ward v. United Airlines, Inc.*, 9 Cal. 5th 732, 743 (2020).

The *second* asked whether Section 226 applies to those who perform most work outside of California. The California Supreme Court answered, "Yes," to the first question. *Id*. at 749. To the second, the justices replied:

> Section 226 applies to wage statements provided by an employer if

> the employee's principal place of work is in California. This test is satisfied if the employee works a majority of the time in California or, for interstate transportation workers whose work is not primarily performed in any single state, if the worker has his or her base of work operations in California.

*Id*. at 760–61. Our court of appeals adopted those answers. It also reversed our prior holding that Section 226's application violated the dormant commerce clause. *See Ward v. United Airlines, Inc.*, 986 F.3d 1234, 1241 (9th Cir. 2021).

Our court of appeals remanded with the following instruction "to determine whether United complied with § 226 and, if not, what relief should be awarded:

> On remand, the class definitions in both cases will need to be modified to take account of the California Supreme Court's intervening decision in *Ward*. Under the *Ward* test, United's pilots and flight attendants are entitled to the protections of § 226 if their "designated home-base airport" is in California and if they do not work more than half the time in another State. . . . We remand for the district courts in both cases to modify the class definitions so that they conform to the California Supreme Court's definition of § 226's reach.

*Id*. at 1245. Additionally, our court of appeals instructed that we "modify the class period to extend to the date of judgment." *Ibid*.

Consistent with our court of appeals' mandate, this order now defines the class as:

> All pilots employed by United Airlines, Inc., at any time between April 3, 2014, up to the time of the final judgment (the Covered Time Period), who have or had a designated home-base airport in California at any time during the Covered Time Period, and who, at any time during the Covered Time Period, either worked the majority of their time in California or did not work the majority of their time in any one state.

We also note that both our court of appeals and the California Supreme Court observed that all members of the previously-certified class would likely benefit from Section 226. The California Supreme Court held, "Here, the relevant time frame is a pay period, and in every pay period these employees not only worked in many states, but also did not work most of their

time in any single state." *Ward*, 9 Cal.5th at n. 8. Additionally, "plaintiffs here appear to have a base of operations in a state where they perform some of their work . . ." *Id*. at n. 9. Our court of appeals took supplemental briefing and determined: "The parties in both cases agree that most of the class members satisfy the *Ward* test, as they do not perform a majority of their work in any one State and they have their 'base of work operations' in California." *Ward v. United Airlines, Inc.*, 986 F.3d 1234, 1239 (9th Cir. 2021).

In light of the foregoing, the Court doubts that United could find anyone who falls outside the modified class definition. United fails to name even a single example. If a motion to decertify the class is filed, this order requires that United name each and every employee that it believes to fall outside the above class definition and to list the data that support the employee's outlier status (*e.g*., John Doe: base of operations in California but 52% of hours worked in Nevada," or "Jane Doe: base of operations in Oregon").

Counsel for both sides shall please file a joint, stipulated brief of no more than two pages advising about next steps regarding class notice no later than **MONDAY, AUGUST 2ND AT NOON**.

**IT IS SO ORDERED.**

Dated: July 29. 2021.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3