Kirk D. Hanson, State Bar No. 167920
Jeffrey C. Jackson, State Bar No. 140990
JACKSON HANSON, LLP
2790 Truxtun Rd., Suite 140
San Diego, California 92106
(619) 523-9001 Tel.
(619) 523-9002 Fax
Email: atty@JacksonHanson.com
Attorneys for Plaintiffs
Charles E. Ward and Bruce Richards

UNITED STATES DISTRICT COURT,

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. WARD and BRUCE RICHARDS, individually, and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>UNITED AIRLINES, INC., and Does 1 through 50, inclusive,<br><br><br>     Defendants. | Case No.: 3:15-cv-02309-WHA<br><br>**FIRST AMENDED COMPLAINT**<br><br><br>**LABOR CODE PRIVATE ATTORNEY GENERAL ACT REPRESENTATIVE ACTION CLAIM:**<br><br>(1) Illegal Wage Statement Penalties (L.C. §226)<br><br>**CLASS ACTION CLAIM:**<br><br>(2) Illegal Wage Statements (L.C. §226) |

Plaintiffs, CHARLES E. WARD and BRUCE RICHARDS ("Plaintiffs"), on behalf of themselves and all others similarly situated, complain and allege as follows:

# I.   <u>INTRODUCTION & GENERAL ALLEGATIONS</u>

1. Plaintiffs bring this action against UNITED AIRLINES, INC. and DOES 1 through 50 (hereinafter also collectively referred to as "Defendants") for California Labor Code violations

stemming from Defendants' failure to comply with the wage statement requirements of Labor Code §226(a).

2.      Defendants are an airline company and conduct business throughout the United States, including the State of California. Plaintiffs are current and former employees of Defendants and are/were paid on an hourly basis. Plaintiffs work/worked as pilots for Defendants in the County of San Francisco, and are/were home-based at San Francisco International Airport during the relevant timeframes.

3.      The wage statements Defendants provide to their pilots at the time wages are paid fail to list the total hours worked by the pilots during the pay period in violation of §226(a)(2), fail to list the address of the legal entity that is the employer in violation of §226(a)(8), but instead list a post office box, and fail to list all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the pilots in violation of  §226(a)(9). A reasonable person cannot promptly and easily determine from the wage statement alone the missing and inaccurate information without reference to other documents or information. Defendants approve of the format of the wage statements and intentionally provide the wage statements to their pilots in that format.

4.      Plaintiffs bring this lawsuit against Defendants on behalf of themselves and all other current and former pilots of Defendants who are home-based at airports in California, seeking, among other things, penalties, attorney's fees, costs, and injunctive relief pursuant to the California Labor Code.

## II.    <u>JURISDICTION</u>

5.      This Court has jurisdiction over Plaintiffs,' the Class Members' and the Aggrieved Employees' claims for relief pursuant to Labor Code §§ 226, 2698, 2699, 2699.3, and 2699.5.

### III.   **VENUE**

6.      Venue as to each Defendant is proper in this court, pursuant to Code of Civil Procedures § 395(a). Each Defendant maintains offices, transacts business, and/or has an agent in San Francisco County, and each Defendant is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the State of California and within San Francisco County. Defendants employ the Class Members and Aggrieved Employees in San Francisco County and other counties in California.

### IV.   **PARTIES**

**Plaintiffs**

7.      Class representative and Aggrieved Employee representative CHARLES E. WARD resides in Marin County, California, and was employed by Defendants at all relevant times as a pilot in San Francisco, California, and was home-based at San Francisco International Airport. Class representative and Aggrieved Employee BRUCE RICHARDS resides in Seattle, Washington, and is currently employed by Defendants as a pilot in San Francisco, California, and is home-based at San Francisco International Airport.

**Defendants**

8.      Plaintiff is informed and believes, and based thereon alleges, that UNITED AIRLINES, INC., is the employer of Plaintiffs, the Class Members, and the Aggrieved Employees, and employed these persons during the applicable class period and applicable statutory periods.

9.      Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct herein alleged, of Defendants sued herein as DOES 1 through 50, inclusive, but on information and belief alleges that those Defendants are legally responsible for the payment of penalties

to Plaintiff, the Class Members and the Aggrieved Employees by virtue of Defendants' unlawful actions and practices and therefore sue these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

10.     Plaintiff is informed and believes, and based thereon alleges that the Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respect pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. On information and belief, a unity of interest and ownership between each Defendant exists such that all Defendants acted as a single employer of Plaintiff, the class members and the aggrieved employees.

## V.     LABOR CODE PRIVATE ATTORNEY GENERAL ACT CAUSES OF ACTION
### (Lab. C. §§ 2698-2699.5)

11.     Plaintiff WARD is an "aggrieved employee" under the California Labor Code Private Attorney General Act ("PAGA") as he was employed by Defendants during the applicable statutory period and suffered one or more of the Labor Code violations alleged herein. As such, he seeks to recover, on behalf of the State of California, himself and all other current and former pilots of Defendants, the civil penalties provided by PAGA.

12.     Plaintiff WARD seeks to recover the PAGA civil penalties through a representative action as permitted by PAGA. Therefore, Plaintiff WARD does not seek class certification of the PAGA claims under Code of Civil Procedure §382.

13.     Pursuant to Labor Code §2699.3 (a), on January 7, 2015, Plaintiff WARD gave written notice by certified mail to Defendant and  the Labor and Workforce Development Agency ("LWDA") of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  The LWDA did not respond to Plaintiff WARD's letter of January 7,

2015, within 33 days of the date the letter was mailed. Therefore, Plaintiff WARD has exhausted the prefiling administrative requirements of PAGA.

**FIRST CAUSE OF ACTION**
**ILLEGAL WAGE STATEMENT PAGA PENALTIES**
**(Lab. C. §226 )**

14.     Plaintiffs hereby incorporate by reference Paragraphs 1 through 13 above as though fully set forth herein.

15.     California Labor Code §226(a) requires the employer, at the time of each payment of wages, to provide its employees with an accurate written statement that lists, among other things, total hours worked by the employee, the address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. L.C. §226(a)(2), (a)(8) and (a)(9).

16.     Defendants violate §226(a)(8) and (a)(9) every pay period with respect to every pilot in California because the wage statements Defendants give to their pilots fail to list the physical address of the legal entity that is the employer, but instead illegally list a post office box, and fail to list all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the pilot. In fact, the wage statements fail to list any hourly rates or hours worked. The wage statements also violate Labor Code §226(a)(2) because they do not list the total hours worked by the pilots during the pay period.

17.     Pursuant to Labor Code §2699, Plaintiff WARD seeks all applicable PAGA civil penalties for each current and former pilot employee of Defendants for each pay period in the applicable statute of limitations in which their wage statements did not comply with §226(a), plus reasonable attorney's fees and costs.

## VI.    CLASS ACTION ALLEGATIONS

18.    Plaintiffs hereby incorporate by reference Paragraphs 1 through 17 above as though fully set forth herein.

19.    Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to F.R.C.P Rule 23. The Class that Plaintiffs seeks to represent is defined as follows:

> All pilots employed by United Airlines, Inc., at any time between April 3, 2014, up to the time of the final judgment (the "Covered Time Period"), who have or had a designated home-base airport in California at any time during the Covered Time Period, and who, at any time during the Covered Time Period, either worked the majority of their time in California or did not work the majority of their time in any one state.

Class Representative Plaintiffs Charles E. Ward and Bruce Richards are members of the class they seek to represent.

20.    From one year before the filing of the Complaint, and up through the present, the Class Members were employed by Defendants as pilots and were provided with illegal wage statements in violation of California law.

21.    This action has been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable from Defendants' personnel and payroll records.

22.    **Numerosity.**   The potential members of the class as defined are so numerous that a joinder of all Class Members is impracticable. While the precise number of Class Members has not yet

been determined, Plaintiffs are informed and believe that Defendants have employed in excess of 2000 pilots in California during the Class Period.

23.     **Commonality.** There are questions of law and fact common to the class which predominate over any questions affecting only individual members of the class, including without limitation, whether, as alleged herein, Defendants have:

    a.   Provided the Class Members with illegal wage statements that fail to list the total hours worked by the pilots during the pay period in violation of Labor Code §226(a)(2);

    b.   Provided the Class Members with illegal wage statements that fail to list the physical address of the legal entity that is the employer in violation of §226(a)(8); and

    c.   Provided the Class Members with illegal wage statements that fail to list all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the pilots in violation of §226(a)(9).

24.     **Typicality**. The Class Representative Plaintiffs' claims are typical of the claims of the class. Class Representative Plaintiffs WARD and RICHARDS were subjected to the same violations of their rights under California law and seek the same types of penalties, and other relief on the same theories and legal grounds as the members of the class they seek to represent.

25.     **Adequacy of Representation**. Class Representative Plaintiffs Charles E. Ward and Bruce Richards will fairly and adequately represent and protect the interests of the Class Members. Plaintiffs' interests are not in conflict with those of the Class Members. Class Representatives' counsel are competent and experienced in litigating large employment class actions and other complex litigation matters, including cases like this case.

26.     **Superiority of Class Action**. Class certification is appropriate because a class action is superior to other available means for the fair and efficient adjudication of this controversy. Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and practices set forth above. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

## SECOND CAUSE OF ACTION
### ILLEGAL WAGE STATEMENTS
### (Cal. Lab. C. §226)

27.     Plaintiff hereby incorporates by reference Paragraphs 1 through 26 above as though fully set forth herein.

28.     California Labor Code §226(a) requires the employer, at the time of each payment of wages, to provide its employees with an accurate written statement that lists, among other things, total hours worked by the employee, the address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. L.C. §226(a)(2), (a)(8) and (a)(9). Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide an accurate statement itemizing, among other things, total hours worked by the employee during the pay period, the physical address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, then the employee is entitled to recover penalties in the amount of fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation up to four thousand dollars ($4,000), plus attorney's fees and costs.

29.     The wage statements Defendants provide to their pilots at the time wages are paid fail to list the total hours worked by the pilots during the pay period in violation of §226(a)(2), fail to list the address of the legal entity that is the employer in violation of §226(a)(8), but instead list a post office

box, and fail to list all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the pilots in violation of § 226(a)(9). A reasonable person cannot promptly and easily determine from the wage statement alone the missing and inaccurate information without reference to other documents. Defendants approve of the format of the wage statements and intentionally provide the wage statements to their pilots in that format.   Therefore, Defendants are liable to Plaintiff and each Class Member for the penalties provided by Labor Code §226(e), plus costs and reasonable attorney's fees.

30.     Pursuant to Labor Code §226(h), Plaintiff RICHARDS and the Class Members also seek injunctive relief to ensure Defendants' compliance with the requirements of §226(a), plus reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief and judgment against Defendants, jointly and severally as follows:

1.     For all applicable civil penalties under the First Cause of Action provided for by the California Labor Code Private Attorney General Act (Lab. C. §2698 et seq.) as a result of Defendants' violations of the Labor Code as alleged herein;

2.     For reasonable attorney's fees and costs as provided for under the Labor Code Private Attorney Act;

3.     That the Second Cause of Action be certified as a class action;

4.     That Plaintiffs be appointed as the Class Representative;

5.     That counsel for Plaintiffs be appointed Class Counsel;

6.     For all applicable statutory penalties under the Second Cause of Action provided for under Labor Code §226(e);

7.     For reasonable attorney's fees and costs as provided for under subdivision (e) of Labor Code §226, and/or for reasonable attorney's fees to be awarded under the Common Fund Doctrine and/or under any other applicable theory of recovery;

8.     For injunctive relief under Labor Code §226(h), plus attorney's fees and costs; and

9.     For such other relief as the Court deems just and proper.

Dated: October 18, 2021                                    JACKSON HANSON LLP

                                                           /s/ Kirk D. Hanson
                                                           Kirk D. Hanson
                                                           Jeffrey C. Jackson
                                                           Attorneys for Plaintiffs
                                                           CHARLES E. WARD and
                                                           BRUCE RICHARDS

**ATTESTATION RE PROOF OF ELECTRONIC SERVICE**

I, Kirk D. Hanson, am employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to this matter; my business address is 2790 Truxtun Rd., Suite 140, San Diego, CA 92106.

On October 18, 2021, I served the following document(s) described as:

1.   **FIRST AMENDED COMPLAINT**

on the interested parties in this matter as listed below:

Adam P. KohSweeney
O'Melveny & Meyers LLP
Two Embarcadero Center
28th Floor
San Francisco, CA 94111
Attorneys for Defendant United Airlines, Inc.

The service was performed by:

[X]   BY ELECTRONIC SERVICE: Pursuant to the Order of the Court, I uploaded the document(s) listed above electronically through the United States District Court, Northern District of California CM/ECF's website and posted to the website the above document(s), thereby serving the above-listed parties with said documents, and all parties were given notice that said documents were served.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on October 18, 2021, at San Diego, California.

s/ Kirk D. Hanson