Jeffrey C. Jackson (SBN 140990)
Kirk D. Hanson (SBN 167920)
JACKSON HANSON, LLP
2790 Truxtun Road, Suite 140
San Diego, CA  92106
Tel:  (619) 523-9001
Fax: (619) 523-9002

Attorneys for Plaintiffs Charles E. Ward,
Bruce Richards, the Aggrieved Employees,
and the Class Members

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. WARD and BRUCE RICHARDS, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff(s),<br><br>vs.<br><br>UNITED AIRLINES, INC., and DOES 1 through 50, inclusive,<br><br>    Defendant(s). | Case No.: 15-cv-02309-WHA<br><br>**STATEMENT OF RECENT DECISION**<br><br>Hearing Date: May 26, 2022<br>Time: 8:00 a.m.<br>Location:  Courtroom 12, 19th Floor<br>        Phillip Burton Federal Building<br>        450 Golden Gate Ave.<br>         San Francisco, CA 94102<br><br>District Judge: Hon. William H. Alsup |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Northern District of California, Local Rule 7-3(d)(2), Plaintiffs submit the following relevant judicial opinion that was published after the date Plaintiffs' Opposition and Reply Briefs were filed with respect to the Parties' Cross-Motions for Summary Judgment:

      1.    ***Felicia Vidrio v. United Airlines, Inc.***, Central District of California, Case No. CV 15-7985 PSG (MRWx), Document 81 Filed 05/06/22 – ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR SUMMARY JUDGMENT.

      A true and correct copy of the above-referenced Decision is attached hereto as Exhibit "A."

Dated: May 7, 2022

                                          Jackson Hanson LLP
                                          s/ Kirk D. Hanson
                                          Attorneys for Plaintiffs,
                                          the Class Members and
                                          the Aggrieved Employees

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

#72/74

| | | | |
|---|---|---|---|
| Case No. | CV 15-7985 PSG (MRWx) | Date | May 6, 2022 |
| Title | Felicia Vidrio v. United Airlines, Inc. et al. | | |

Present: The Honorable    Philip S. Gutierrez, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**    **The Court GRANTS IN PART and DENIES IN PART both motions for summary judgment.**

Before the Court are two motions.  First, Plaintiffs Felicia Vidrio ("Vidrio") and Paul Bradley ("Bradley") (collectively, "Plaintiffs") filed a motion for summary judgment.  *See generally* Dkt. # 72 ("*Pl. Mot.*").  Defendant United Airlines, Inc. ("Defendant") opposed.  *See generally* Dkt. # 73 ("*Def. Opp.*").  Second, Defendant filed a motion for summary judgment.  *See generally* Dkt. # 74 ("*Def. Mot.*").  Plaintiffs filed a combined opposition to Defendant's motion and reply to Defendant's opposition.  *See generally* Dkt. # 77 ("*Pl. Opp.*").  Defendant replied.  *See generally* Dkt. # 79 ("*Def. Reply*").  The Court finds these matters appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the moving, opposing, and reply papers, the Court **GRANTS IN PART** and **DENIES IN PART** both motions.

I.    Background

This class and representative action concerns the legality of the wage statements Defendant issues to its flight attendants.  Defendant is a major passenger airline that serves destinations within the United States and around the world.  *Def. Mot.* 3:25–26.  In 2010, Defendant acquired Continental Airlines ("Continental").  *Defendant's Statement of Undisputed Facts*, Dkt. # 74-1 ("*DSUF*"), ¶ 1; *Plaintiffs' Response to Defendant's Separate Statement*, Dkt. # 77-1 ("*PRDS*"), ¶ 1.  Plaintiffs are employed as flight attendants for Defendant: Vidrio is a "heritage United flight attendant" and Bradley is a "heritage Continental flight attendant." *Plaintiffs' Statement of Uncontroverted Material Facts*, Dkt. # 72-1 ("*PSUF*"), ¶ 4; *Defendant's Response to Plaintiffs' Separate Statement*, Dkt. # 73-1 ("*DRPS*"), ¶ 4.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 15-7985 PSG (MRWx) | Date | May 6, 2022 |
| Title | Felicia Vidrio v. United Airlines, Inc. et al. | | |

### A.    Defendant's Compensation Scheme and Wage Statements

Defendant pays its flight attendants according to the provisions of collective bargaining agreements ("CBAs") entered between Defendant (or Continental, before Defendant acquired it) and the union that represents Defendant's U.S.-based flight attendants. *See DSUF* ¶ 1; *PRDS* ¶ 1. Defendant's heritage United flight attendants and heritage Continental flight attendants were previously paid according to separate CBAs, but a joint CBA that covers both categories of flight attendants was ratified in 2016. *PSUF* ¶¶ 3, 7; *DRPS* ¶¶ 3, 7.

Pursuant to the CBAs, Defendant's flight attendants receive two payments each bid period, which roughly corresponds to a calendar month. *DSUF* ¶ 7; *PRDS* ¶ 7. The first monthly payment, received on the first day of the month, is called the "Flight Advance." *DSUF* ¶ 8; *PRDS* ¶ 8. The Flight Advance is based on a flight attendant's expected volume of work for the bid period rather than hours actually worked. *DSUF* ¶ 9; *PRDS* ¶ 9; *PSUF* ¶ 9; *DRPS* ¶ 9. Under the current CBA, the Flight Advance is equal to 71 hours of pay at the flight attendant's base pay rate. *DSUF* ¶ 10; *PRDS* ¶ 10. The second monthly payment, received on the sixteenth of the month, consists of the flight attendant's total monthly earnings minus the Flight Advance, plus additional pay items such as applicable per diem payments. *DSUF* ¶ 11; *PRDS* ¶ 11.

The second monthly payment can be calculated in a number of ways. A flight attendant's total monthly earnings is equal to the higher amount of either (1) the minimum pay guarantee ("MPG") or (2) the value of his or her flying activity ("Flying Activity") during the bid period. *DSUF* ¶¶ 12, 15; *PRDS* ¶¶ 12, 15. The MPG "compensates the flight attendant a minimum amount provided he/she was available for duty." *DSUF* ¶ 12; *PRDS* ¶ 12. The Flying Activity value is calculated through a variety of formulas that "are running together and comparing against each other throughout any given bid period to determine which calculation results in the highest pay for the flight attendant." *DSUF* ¶¶ 13–14; *PRDS* ¶¶ 13–14. These formulas include (1) the "duty period rig," (2) "the greater of actual or scheduled flight time," (3) the "trip rig," and (4) the "five-hour average." *DSUF* ¶ 13; *PRDS* ¶ 13. The hourly rate at which a flight attendant is compensated under each formula varies based on his or her seniority and factors such as whether the flight attendant is assigned the lead role on a flight, works in a language-qualified position, or works overnight or on a holiday. *DSUF* ¶ 16; *PRDS* ¶ 16; *PSUF* ¶ 11; *DRPS* ¶ 11.

Along with each payment of wages, Defendant issues its flight attendants a "Pay Advice," which lists the flight attendant's total wages for the pay period, deductions, net wages, and other items. *DSUF* ¶ 17; *PRDS* ¶ 17. The Pay Advice issued along with the first monthly payment

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 15-7985 PSG (MRWx) | Date | May 6, 2022 |
|---|---|---|---|
| Title | Felicia Vidrio v. United Airlines, Inc. et al. | | |

typically lists a lump sum for the Flight Advance. *DSUF* ¶ 18; *PRDS* ¶ 18. The Pay Advice issued with the second monthly payment lists the flight attendant's "Regular Pay" minus the Flight Advance plus per diem pay and other applicable items. *DSUF* ¶ 19; *PRDS* ¶ 19. Flight attendants also have access to a computer database containing a "Pay Register." *PSUF* ¶ 13; *DRPS* ¶ 13. Defendant previously issued a "Monthly Statement of Earnings" ("MSOE"), serving the same purpose as the Pay Register and also accessible through a computer database, to heritage United flight attendants. *PSUF* ¶ 13; *DRPS* ¶ 13; *DSUF* ¶ 21; *PRDS* ¶ 21. According to Defendant, the Pay Register lists each flight worked during the bid period, the scheduled and actual times of each flight, the amount of time the flight attendant is credited with having worked for each flight (which is the greater of either scheduled or actual flight time), and the amount of pay associated with each flight. *DSUF* ¶ 22. The flight attendant's base pay rate is listed at the top of the Pay Register. *DSUF* ¶ 24; *PRDS* ¶ 24.

Defendant's Pay Advices previously listed a P.O. Box address but now list Defendant's physical address. *DSUF* ¶¶ 28–29; *PRDS* ¶¶ 28–29; *PSUF* ¶ 16; *DRPS* ¶ 16.

Plaintiffs provide exemplar Pay Advices they received from Defendant and Pay Registers they accessed, and a MSOE Vidrio accessed, through Defendant's computer payroll system. *See Declaration of Felicia Vidrio*, Dkt. # 72-2 ("*Vidrio Decl.*"), Exs. 1–10; *Declaration of Paul Bradley*, Dkt. # 72-3 ("*Bradley Decl.*"), Exs. 1–3.

### B. Procedural Background

In April 2015, Vidrio and Bradley each mailed a Private Attorneys General Act ("PAGA") claim letter to the California Labor and Workforce Development Agency ("LWDA") regarding their wage statement claims. *PSUF* ¶¶ 17–18; *DRPS* ¶¶ 17–18. Plaintiffs also mailed their respective PAGA claim letters to Defendant at its P.O. Box address in Chicago. *PSUF* ¶¶ 17–18; *DRPS* ¶¶ 17–18; *DSUF* ¶¶ 24–25; *PRDS* ¶¶ 24–25.

In August 2015, Vidrio and Bradley filed separate actions against Defendant in California state court. *See generally* Dkt. # 1, Ex. A; *see also* CV 15-7986 PSG (MRWx), Dkt. # 1, Ex. A. Defendant removed both actions to this Court. *See generally* Dkt. # 1; CV 15-7986 PSG (MRWx), Dkt. # 1. Pursuant to the parties' stipulation, the Court consolidated the actions in February 2016. *See generally* Dkt. # 20. Plaintiffs then filed the operative consolidated complaint, which asserts two causes of action:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 15-7985 PSG (MRWx) | Date | May 6, 2022 |
| Title | Felicia Vidrio v. United Airlines, Inc. et al. | | |

<u>First Cause of Action</u>: Illegal Wage Statement PAGA Penalties ("PAGA Claim"). Dkt. # 24, ¶¶ 11–17.[1]

<u>Second Cause of Action</u>: Illegal Wage Statements, Cal. Lab. Code § 226 ("Class Claim").  Dkt. # 24, ¶¶ 18–30.

Both causes of action are based on Defendant's alleged violations of California Labor Code § 226(a)(2), (a)(8), and (a)(9). *See id.* ¶¶ 15–16, 28–29.

A few months later, the Court granted Plaintiffs' motion for class certification as to the second cause of action. *See generally* Dkt. # 32.  The parties then filed cross-motions for summary judgment. *See generally* Dkts. # 34, 41.  In March 2017, the Court denied Plaintiffs' motion and granted Defendant's motion, finding that Plaintiffs could not bring their claims under California Labor Code § 226 because they worked primarily outside of California and Defendant was neither based nor headquartered in California. *See* Dkt. # 47 ("*MSJ Order*"), at 4–9.  Plaintiffs timely appealed to the Ninth Circuit, *see generally* Dkt. # 50, which consolidated the case for appeal with *Ward v. United Airlines, Inc.*, No. C 15-02309 WHA, 2016 WL 3906077 (N.D. Cal. July 19, 2016) and, as relevant here, certified the following question to the California Supreme Court:

> Does California Labor Code § 226 apply to wage statements provided by an out-of-state employer to an employee who resides in California, receives pay in California, and pays California income tax on her wages, but who does not work principally in California or any other state?

*See generally* Dkt. # 52.  The California Supreme Court responded as follows:

> Section 226 applies to wage statements provided by an employer if the employee's principal place of work is in California.  This test is satisfied if the employee works a majority of the time in California or, for interstate transportation workers whose work is not primarily

---

[1] Plaintiffs bring their first cause of action as "aggrieved employees" under PAGA, seeking to recover civil penalties through a representative action "on behalf of the State of California and all other current or former flight attendants of Defendant[]." *Id.* ¶¶ 11–17.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.   CV 15-7985 PSG (MRWx)                        Date   May 6, 2022

Title   Felicia Vidrio v. United Airlines, Inc. et al.

performed in any single state, if the worker has his or her base of work operations in California.

*Ward v. United Airlines, Inc.* (*Ward I*), 9 Cal. 5th 732, 760–61 (2020).  The Ninth Circuit then reversed this Court's entry of summary judgment, and that of the district court in the companion case, holding that California Labor Code § 226 applies to the class members in each case as long as they meet the requirements of the "*Ward* test" fashioned by the California Supreme Court. *Ward v. United Airlines, Inc.* (*Ward II*), 986 F.3d 1234, 1245 (9th Cir. 2021).  The Ninth Circuit also rejected Defendant's arguments that the claims were preempted by the Dormant Commerce Clause, the Airline Deregulation Act, or the Railway Labor Act ("RLA").  *Id.* at 1239–45.  It remanded each case with instructions to modify the class definitions pursuant to the *Ward* test and to determine whether Defendant's wage statements violate § 226.  *Ward II*, 986 F.3d at 1245.

On remand, the Court granted Plaintiffs' motion to modify the class definition to comply with the *Ward* test, as follows:

> All flight attendants employed by United Airlines, Inc., at any time between August 6, 2014, up to the time of the final judgment (the "Covered Time Period"), who have or had a designated home-base airport in California at any time during the Covered Time Period, and who, at any time during the Covered Time Period, either worked the majority of their time in California or did not work the majority of their time in any one state.

*See generally* Dkt. # 65.  Plaintiffs now move for summary judgment as to both causes of action[2] to the extent they are based on violations of California Labor Code § 226(a)(8) and (a)(9).  *See generally Pl. Mot.*  Defendant also moves for summary judgment as to both causes of action on the basis that it complied with § 226(a)(8) and (a)(9).  *See generally Def. Mot.*

II.   Legal Standard

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.  The court shall grant

---

[2] Plaintiffs move for summary judgment on their first cause of action on behalf of the State of California and the "aggrieved employees" and move for summary judgment on their second cause of action on behalf of the Class Members.  *See generally Pl. Mot.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 15-7985 PSG (MRWx) | Date | May 6, 2022 |
| Title | Felicia Vidrio v. United Airlines, Inc. et al. | | |

summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the nonmoving party will have the burden of proof at trial, the movant can prevail by pointing out that there is an absence of evidence to support the nonmoving party's case. *See id.* If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all reasonable inferences in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). The evidence presented by the parties must be capable of being presented at trial in a form that would be admissible in evidence. *See Fed. R. Civ. P. 56(c)(2)*. Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

III.    Discussion

The Court first addresses (A) the threshold issue of which documents constitute Defendant's wage statements. The Court then turns to (B) Plaintiffs' PAGA Claim for civil penalties based on violations of California Labor Code § 226(a)(8) and (a)(9), followed by (C) Plaintiffs' Class Claim for statutory penalties under § 226(e).[3]

---

[3] Plaintiffs move for summary judgment on both causes of action to the extent each is based on violations of § 226(a)(8) and (a)(9). *See generally Pl. Mot.* Defendant states that, because Plaintiffs do not similarly move for summary judgment as to the violations of § 226(a)(2) asserted in the operative complaint, Defendant "assumes Plaintiffs have abandoned this theory and are proceeding solely on claims that [Defendant] violated Section 226(a)(9) and Section 226(a)(8)." *Def. Opp.* 8 n.5. Plaintiffs respond that they have not abandoned their § 226(a)(2) theory but rather that their motion is "a partial motion on liability" as to violations of § 226(a)(8) and (a)(9). *Pl. Opp.* 2:9–11. Because neither party moved for summary judgment on Plaintiffs' first or second causes of action to the extent they are based on violations of § 226(a)(2), if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7985 PSG (MRWx) | Date | May 6, 2022 |
|---|---|---|---|

| Title | Felicia Vidrio v. United Airlines, Inc. et al. |
|---|---|

    A.    <u>Defendant's Wage Statements</u>

As a threshold matter, the parties dispute which documents constitute Defendant's wage statements. Plaintiffs argue that Defendant impermissibly attempts to satisfy the requirements of § 226(a) through a combination of multiple separate documents—the Pay Advice, Pay Register or MSOE, and CBAs—rather than a single wage statement. *Pl. Mot.* 2:5–3:18, 12:21–14:2. Defendant does not explicitly define which documents it believes comprise its wage statements but contends that the combination of the Pay Advice and Pay Register (or MSOE) provides all the information § 226(a)(9) requires. *Def. Mot.* 6:12–8:1, 11:23–13:21; *Def. Opp.* 6:11–7:25, 11:22–13:6. The Court considers in turn (i) whether Defendant's wage statement can comprise both the Pay Advice and Pay Register (or MSOE), and (ii) if not, which document constitutes the wage statement.

    *i.*    *Whether the Wage Statement Can Comprise Multiple Documents*

Section 226(a) requires employers to provide employees with "an accurate itemized wage statement in writing" that specifies, among other items, gross wages earned, total hours worked, deductions, net wages earned, the inclusive dates of the pay period, the employer's name and address, and "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Cal. Lab. Code § 226(a). As the Ninth Circuit explained on appeal, "Section 226 further provides that an employee must be able to 'promptly and easily determine' [many of] these items of information 'from the wage statement alone,' which means that 'a reasonable person would be able to readily ascertain the information without reference to other documents or information.'" *Ward II*, 986 F.3d at 1237–38 (quoting Cal. Lab. Code § 226(e)(2)(B)–(C)). In addressing the questions certified by the Ninth Circuit, the California Supreme Court described § 226's "core purpose" as "ensur[ing] an employer documents the basis of the employee compensation payments to assist the employee in determining whether he or she has been compensated properly." *Ward I*, 9 Cal. 5th at 752 (quoting *Soto v. Motel 6 Operating, L.P.*, 4 Cal. App. 5th 385, 391 (2016)).

Although § 226 refers to the "itemized statement" or "wage statement" required by § 226(a) only in singular form, *see* Cal. Lab. Code § 226(a), (e)(2)(A), (e)(2)(B), (g), (i)–(j), the statute does not explicitly address whether a wage statement can be comprised of multiple

Plaintiffs still wish to assert their § 226(a)(2) theory of liability, they may proceed to trial with both causes of action to the extent each cause of action is predicated on alleged violations of § 226(a)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7985 PSG (MRWx) | Date | May 6, 2022 |
|---|---|---|---|

| Title | Felicia Vidrio v. United Airlines, Inc. et al. |
|---|---|

separate documents. The parties have not pointed to any case law or other authority directly addressing this question, nor has the Court's own review uncovered any such authority. However, the Court is not without any guidance. Considering the underlying purpose of § 226 as expressed by the California Supreme Court, the Court concludes that Defendant cannot combine its Pay Advice and Pay Register (or MSOE) into one "wage statement" for purposes of satisfying the requirements of § 226(a)(9).

Plaintiffs rely on two California Supreme Court opinions to support their contention that multiple separate documents cannot be combined into one wage statement: (1) the opinion addressing the questions certified by the Ninth Circuit on appeal in this case, *Ward I*, 9 Cal. 5th 732; and (2) *Oman v. Delta Airlines, Inc.*, 9 Cal. 5th 762 (2020), issued the same day and addressing similar questions certified by the Ninth Circuit. *See Pl. Mot.* 12:21–13:14.

In *Oman*, the Supreme Court held that employees who are based outside California and work primarily elsewhere are not entitled to wage statements that comply with California Labor Code § 226. 9 Cal. 5th at 776. The court described the wage statement required by § 226 as "a single comprehensive statement of pay." *Id.* at 774. Requiring employers to provide California-compliant wage statements for the "fraction" of such an employee's work performed in California would result in employees "receiving a blizzard of wage statements every pay period, each documenting only a state-specific sliver of their work, and from this paper snowdrift trying to discern what they had actually been paid." *Id.* at 775. Such a rule "would undermine the very purpose of section 226"—to ensure that employers document the basis of payment to help employees determine if they have been properly compensated. *Id.* (citation omitted). In *Ward I*, the court explained that any work-location-based test to determine if an employer must provide California-compliant wage statements "must reconcile the possibility that some employees may perform their work in more than one jurisdiction with the legislative desire for a single statement documenting employee pay." 9 Cal. 5th at 753.

To be sure, neither *Ward I* nor *Oman* stand for the proposition that, when an employer *is* required to provide a California-compliant wage statement, the wage statement must be in the form of a single document. But the Supreme Court's description of wage statements governed by § 226—and of the statute's animating purpose—still provide some guidance. In *Oman*, the court described the wage statement required by § 226 as "a single comprehensive statement of pay." 9 Cal. 5th at 774. And in *Ward I*, the court described the legislature's "desire for a single statement documenting employee pay." 9 Cal. 5th at 753. This language does not necessarily imply that a "single statement" could never be comprised of more than one document. For example, two collated documents provided to an employee simultaneously along with the

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 15-7985 PSG (MRWx) | Date | May 6, 2022 |
| Title | Felicia Vidrio v. United Airlines, Inc. et al. | | |

payment of wages might qualify. Here, however, the Court concludes that Defendant's Pay Advice—a document issued to employees along with their paychecks—cannot be combined with the separate Pay Register or MSOE available online to constitute one wage statement. Such a combination of documents would not further the "legislative desire for a single statement documenting employee pay." *See Ward I*, Cal. 5th at 753.

This conclusion is further supported by the California Supreme Court's repeated indication that "California's wage and hour laws are remedial in nature and must be liberally construed in favor of affording workers protection." *Ward I*, 9 Cal. 5th at 754 (collecting cases). Here, construing the Pay Advice and separate Pay Register or MSOE as one wage statement would do just the opposite. Section 226's core "informational purpose," designed to help workers determine whether they are paid properly, would not be served by requiring workers to access a second online document (the Pay Register or MSOE) to fill in informational gaps in the document provided alongside their paycheck (the Pay Advice) in order to determine if they have been properly compensated. *See Oman*, 9 Cal. 5th at 775; *see also* Cal. Lab. Code § 226(e)(2)(B), (C) (explaining that an employee must be able to "promptly and easily determine" the information required by § 226(a) "without reference to other documents or information").

In sum, the Court finds that Defendant cannot combine its Pay Advice with its Pay Register or MSOE to form the "single comprehensive statement of pay" contemplated by § 226(a). *See Oman*, 9 Cal. 5th at 774; *see also Ward I*, 9 Cal. 5th at 753.

### ii.    Which Document Constitutes the Wage Statement

In light of the above conclusion, the Court construes the Pay Advice to be Defendant's wage statement. Defendant does not contend that the Pay Register or MSOE alone would qualify as a wage statement, and these documents would not comply with § 226(a) for at least three reasons.

First, § 226(a) requires employers to furnish wage statements to employees "semimonthly or at the time of each payment of wages." Here, it is undisputed that Defendant pays its flight attendants twice per bid period (or month) and provides a Pay Advice along with each payment. *PSUF* ¶ 13; *DRPS* ¶ 13. According to Defendant, it "issues" Pay Registers to flight attendants along with their second monthly payment. *DSUF* ¶ 20. But Defendant does not issue a Pay Register along with the first monthly payment. Therefore, if the Pay Register were construed as the wage statement, Defendant would violate § 226(a) by failing to issue its wage statement

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 15-7985 PSG (MRWx) | Date | May 6, 2022 |
|---|---|---|---|

| Title | Felicia Vidrio v. United Airlines, Inc. et al. |
|---|---|

"semimonthly or at the time of each payment of wages." The same result is true for the MSOE, whose very name implies that it was provided only once per month. *See Declaration of Anna Mikuta*, Dkt. # 34-4, ¶ 13(a) (declaring that the MSOE was provided to heritage United flight attendants "each month on the 16th day").

Second, setting aside whether the Pay Register includes the disputed information at issue in this case, the exemplar Pay Registers in the record do not include much of the other information required by § 226(a), such as gross wages earned, deductions, net wages earned, the employee's name, or the employer's name. *See Vidrio Decl.* Exs. 2, 4, 6, 8; *Bradley Decl.* Exs. 2–3. In contrast, the exemplar Pay Advices list each of these categories of information. *See Vidrio Decl.* Exs. 1, 3, 5, 7; *Bradley Decl.* Ex. 1. The sole exemplar MSOE contains more of the information required by § 226(a) than does the Pay Register—it includes the employee's full name and gross wages earned. *See Vidrio Decl.* Ex. 10. But the MSOE is missing other information required by § 226(a), including the employer's name, deductions, and net wages earned. *See id.*

Third, the parties' dispute as to whether Defendant's wage statements comply with § 226(a)(8)'s requirement to list the employer's address focuses entirely on the Pay Advice.[4] *See Pl. Mot.* 16:4–20:24; *Def. Mot.* 13:10–18:17. Defendant does not contend that its Pay Register or MSOE list any employer address, nor do the exemplar Pay Registers or MSOE contain an employer address of any sort. *See Vidrio Decl.* Exs. 2, 4, 6, 8, 10; *Bradley Decl.* Exs. 2–3.

As a result, the Court concludes that the Pay Advice constitutes Defendant's wage statement.

### B.   Plaintiffs' PAGA Claim

The California Legislature enacted PAGA to "address the shortage of government resources to enforce labor laws" by enabling "an aggrieved employee to bring an action personally and on behalf of other current or former employees to recover civil penalties." *Raines v. Coastal Pac. Food Distribs., Inc.*, 23 Cal. App. 5th 667, 673–74 (2018) (citing Cal. Lab. Code § 2699(a)). Plaintiffs who bring such actions under PAGA "represent[] the same legal right and interest as state labor law enforcement agencies—namely, recovery of civil penalties that otherwise would have been assessed and collected by the [LWDA.]" *Id.* at 674

---

[4] Section 226(a)(8) requires employers to include "the name and address of the legal entity that is the employer" on the wage statements they issue to employees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7985 PSG (MRWx) | Date | May 6, 2022 |
|---|---|---|---|

| Title | Felicia Vidrio v. United Airlines, Inc. et al. |
|---|---|

(quoting *Arias v. Superior Ct.*, 46 Cal. 4th 969, 986 (2009)).  Both state and federal courts have held that, to succeed on a PAGA claim for recovery of civil penalties, a plaintiff need only establish a violation of § 226(a) and need not demonstrate the two additional elements of a claim for statutory penalties under § 226(e): (1) that the "employee suffer[ed] injury as a result," and (2) that the employer's failure to comply with § 226(a) was "knowing and intentional." *Lopez v. Friant & Assocs., LLC*, 15 Cal. App. 5th 773, 779, 784–85 (2017) (quoting Cal. Lab. Code § 226(e)(1)); *Raines*, 23 Cal. App. 5th at 679–80; *Willner v. Manpower, Inc.*, 35 F. Supp. 3d 1116, 1136 (N.D. Cal. 2014); *McKenzie v. Fed. Exp. Corp.*, 765 F. Supp. 2d 1222, 1232 (C.D. Cal. 2011).  Pursuant to § 2699.3(a), a plaintiff bringing a PAGA claim must also provide written notice to the LWDA and to his or her employer of the specific Labor Code provisions the plaintiff alleges were violated and the facts and theories supporting his or her claim.

Here, it is undisputed that, before filing suit, Vidrio and Bradley each mailed a PAGA claim letter to the LWDA and Defendant regarding their claims in this case. *See PSUF* ¶¶ 17–18; *DRPS* ¶¶ 17–18; *see also* Dkt. # 72-4, Ex. I.  Accordingly, Plaintiffs have satisfied § 2699.3(a)'s notice requirements. *See McKenzie*, 765 F. Supp. 2d at 1234.

Notice aside, to succeed on their PAGA Claim, Plaintiffs need only demonstrate that Defendant's wage statements violate § 226(a).  Having determined that the Pay Advice constitutes Defendant's wage statement, the Court considers in turn whether the Pay Advice includes the information required by (i) § 226(a)(9) and (ii) § 226(a)(8).

*i.      Applicable Hourly Rates and Hours Worked at Each Rate*

Section 226(a)(9) requires wage statements to include "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Cal. Lab. Code § 226(a)(9).

Plaintiffs contend that Defendant violates § 226(a)(9) because the Pay Advice does not list the applicable hourly rates used to calculate a flight attendant's wages during a pay period or the number of hours worked at each rate. *Pl. Mot.* 3:19–24, 14:10–13.  Defendant does not contend that the Pay Advice contains this information.  Instead, it argues that (1) its wage statements need not list hourly rates and hours worked because, oftentimes, "those metrics are irrelevant to a flight attendant's pay" and (2) when flight attendants are paid based on hours worked, Defendant provides the information required by § 226(a)(9) through the Pay Register. *Def. Opp.* 2:12–3:2; *see also id.* 8:18–12:18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7985 PSG (MRWx) | Date | May 6, 2022 |
|---|---|---|---|

| Title | Felicia Vidrio v. United Airlines, Inc. et al. |
|---|---|

The Court begins by addressing whether the Pay Advice includes the information required by § 226(a)(9). It does not. The exemplar Pay Advices in the record include columns for hourly rates, hours worked, and other hours, but each of these columns is blank. *See Vidrio Decl.* Exs. 1, 3, 5, 7; *Bradley Decl.* Ex. 1. Although the Pay Advices list totals under the "earnings" column for categories including the Flight Advance, "Regular Pay," "Per Diem Pay Non Taxable," "Imputed Income LTD," and "Imputed Income – Travel," none of these categories reflects a value for hourly rates or hours worked. *See Vidrio Decl.* Exs. 1, 3, 5, 7; *Bradley Decl.* Ex. 1. Nor does Defendant provide any examples of Pay Advices that contain entries in the columns for hourly rates or hours worked. Accordingly, on their face, Defendant's wage statements do not include *any* hourly rates or corresponding numbers of hours worked at such rates.

Before moving onto Defendant's remaining arguments, the Court briefly addresses a preemption argument Defendant raises in its reply brief. In granting Defendant's initial motion for summary judgment, the Court did not reach Defendant's argument that Plaintiffs' claims were preempted by the RLA. *MSJ Order* at 4 n.3. On appeal, however, the Ninth Circuit rejected this argument. *See Ward II*, 986 F.3d at 1244. It explained that the RLA preempts state law claims that (1) are "grounded in" a CBA or (2) whose adjudication "requires 'interpretation of a CBA,'" which "means something more than 'consider, 'refer to,' or 'apply.'" *Id.* (quoting *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 920–21 (9th Cir. 2018)). Under the second approach, state law claims are preempted "only 'to the extent there is an active dispute over the meaning of contract terms.'" *Id.* (quoting *Schurke*, 898 F.3d at 921)). The Ninth Circuit held that Plaintiffs' claims are not preempted by the RLA because (1) they are not grounded in the CBAs and (2) their resolution will not require interpreting the CBAs. *Id.* The court explained in no uncertain terms that "no interpretation of the CBAs will be required to resolve plaintiffs' claims" but rather that "a court will simply need to examine the wage statements plaintiffs received from [Defendant] to determine if the statements comply with the requirements of § 226." *Id.* Nevertheless, Defendant now reasserts its RLA preemption defense on the basis that Plaintiffs have raised new arguments that will require the Court to resolve the parties' competing interpretations of the CBA. *Def. Reply* 9:28–10:8.

The Court disagrees. First, following the Ninth Circuit's clear guidance, the Court has determined above—by examining the exemplar Pay Advices—that Defendant's wage statements do not contain "an itemized statement of the hours worked and the applicable hourly pay rates" and therefore do not comply with the requirements of § 226(a)(9). *See Ward II*, 986 F.3d at 1244. The Court need look no further to resolve Plaintiffs' PAGA Claim to the extent it is predicated on § 226(a)(9) violations. Nor is the Court required to interpret—rather than merely refer to or apply—the terms of the CBA in order to address Defendant's argument that it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7985 PSG (MRWx) | Date | May 6, 2022 |
|---|---|---|---|

| Title | Felicia Vidrio v. United Airlines, Inc. et al. |
|---|---|

sometimes provides the information required by § 226(a)(9).

Turning next to Defendant's central argument, Defendant contends that it need not list the applicable hourly rates in effect during each pay period or the number of hours worked at each rate because doing so "would only create confusion," as these metrics do not reflect how its flight attendants are actually paid—for the most part. *Def. Mot.* 8:23–11:21; *Def. Opp.* 8:17–11:20. Defendant argues that both the California Supreme Court and a district court in the Northern District of California "have concluded the way flight attendants are paid is perfectly lawful under California law," pointing to similar pay schemes involving multiple competing formulas approved in *Oman*, 9 Cal. 5th at 783–89, and in the remanded companion case *Ward v. United Airlines, Inc.* (*Ward III*), No. 19-cv-03423-LB, 2021 WL 6427868, at *4–7 (N.D. Cal. Dec. 20, 2021). *Def. Mot.* 9:13–10:4; *Def. Opp.* 9:10–28.[5] Defendant maintains that it would make no sense to recognize that its "enormously complex pay scheme" is lawful while also requiring it to list items on its wage statements that are unconnected to this pay scheme, which it describes as largely based on hours that flight attendants are credited with having worked ("credit hours") rather than hours actually worked. *Def. Mot.* 11:3–21; *Def. Opp.* 10:19–11:11. In other words, Defendant asks the Court to excuse it from compliance with § 226(a)(9).

The Court acknowledges that Defendant's pay scheme is complex, and that complying with § 226(a)(9)'s requirements may not be straightforward. But that complication does not enable the Court to disregard the plain language of § 226(a)(9). To be sure, § 226 contains certain exemptions. A wage statement need not list the total hours worked by an employee, as otherwise required by § 226(a)(2), if the employee is (1) compensated "solely based on salary" and exempt from overtime requirements or (2) exempt from minimum wage and overtime requirements under any of a number of enumerated scenarios. *See* Cal. Lab. Code § 226(j). Yet, Defendant does not contend that any of these exemptions apply to its flight attendants.

Defendant relies on *Soto v. Motel 6 Operating, L.P.* for the proposition that § 226's purpose is to "require[] employers to issue wage statements that accurately reflect the employee's pay" so that employees can determine if they have been compensated properly. *Def. Opp.* 9:1–7 (citing *Soto*, 4 Cal. App. 5th at 392 (describing § 226(a)'s purpose as "to *document* the *paid wages* to ensure the employee is fully informed regarding the calculation of *those wages*")). But the court in *Soto* merely held that an employer need not include a vacation benefit

---

[5] Neither the California Supreme Court in *Oman* nor the district court in *Ward III* addressed whether the defendants' wage statements complied with § 226. *See Oman*, 9 Cal. 5th at 770; *Ward III*, 2021 WL 6427868, at *1.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 15-7985 PSG (MRWx) | Date | May 6, 2022 |
|---|---|---|---|

| Title | Felicia Vidrio v. United Airlines, Inc. et al. |
|---|---|

in a wage statement until that benefit was required to be paid because § 226 requires employers to "identify only those statutory items that are part of the employee's current monetary compensation." 4 Cal. App. 5th at 393. The court explained that although it must "construe wage statutes broadly in favor of employees," it was not free to "rewrite [the] applicable legislation to include a non-existent requirement." *Id.* It relied on the broadly understood notion that under the rules of statutory construction, "a court should not rewrite the law, add to it what has been omitted, *omit from it what has been inserted . . . or read into it an exception . . . that* will nullify a clear provision or materially affect its operation" in order to "make it conform to a presumed intention not expressed or otherwise apparent in the law." *Id.* (citation omitted) (emphases added). But that is precisely what Defendant asks the Court to do here: omit § 226(a)(9)'s statutory command that wage statements list all applicable hourly rates and the number of hours worked at each rate, or read in an exception for complex, multi-formula pay schemes like Defendant's.

In the context of § 226(a)(2), a court in the Northern District of California recently rejected an argument similar to that Defendant raises here. *See Booher v. JetBlue Airways Corp.*, No. 15-cv-01203-JSW, Dkt. # 85 (slip op.), at *5–6 (N.D. Cal. Nov. 10, 2021). There, the defendant airline argued that courts have found its pay scheme lawful and thus that its wage statements listing the flight attendants' credit hours should be deemed in compliance with § 226 even though they do not list total hours worked, as § 226(a)(2) requires. *See id.* The defendant argued that it would be inconsistent with § 226's intent of helping employees determine whether they are paid accurately to require it to list the total hours worked when its flight attendants are not paid on that basis but rather on a credit-based system. *Id.* at *6. The court rejected this argument, finding that the defendant's wage statements clearly violated the plain language of § 226(a)(2) because they did not list the total hours worked. *Id.* It explained that "it is not for the Court to overrule Section 226's clear requirements for wage statements because an otherwise Section 226-non-compliant wage statement may more closely hew to 'the spirit and purpose of Section 226.'" *Id.*

Here, Defendant's contention that the statutory purpose of § 226 described in *Soto* "can only be accomplished by a wage statement that captures the complexities and nuances of the applicable pay scheme" falls flat in the face of the reality that its wage statements do not come close to reflecting the complexity of its pay scheme. *See id.* 9:7–9. Unlike in *Booher*, Defendant's wage statements do not provide *any* detail about hourly rates or hours worked—not even in the format of credit hours. Defendant's pay scheme may not always translate easily to showing hours worked. But the Court fails to see how Defendant's practice of merely listing a lump sum for "Regular Pay" on the second monthly Pay Advice—without indicating how much

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7985 PSG (MRWx) | Date | May 6, 2022 |
|---|---|---|---|
| Title | Felicia Vidrio v. United Airlines, Inc. et al. | | |

of a flight attendant's pay is based on either the MPG or the four different formulas comprising the Flight Activity value—serves § 226's purpose of ensuring that employers document the basis of compensation to enable employees to determine if they have been properly compensated. *See Ward I*, 9 Cal. 5th at 752; *Oman*, 9 Cal. 5th at 775.

Defendant also contends that when its flight attendants are paid based on hours worked—i.e., when their total monthly earnings exceed the Flight Advance and are based on the Flying Activity as calculated through the flight time formula[6]—the Pay Register provides the information required by § 226(a)(9). *Def. Mot.* 11:23–12:18; *Def. Opp.* 11:22–12:18. Defendant explains that the Pay Register contains the breakdown of the lump sum "Regular Pay" value listed in the Pay Advice by detailing, for each flight that a flight attendant worked during the bid period: (1) the scheduled and actual flight time, (2) the amount of time the flight attendant is credited, and (3) the total amount of pay associated with each flight. *DSUF* ¶¶ 20–22; *Def. Opp.* 6:20–25. Defendant contends that, although the Pay Register does not list an hourly rate for each flight, it satisfies § 226(a)(9)'s requirement to list the "applicable hourly rate" because the first page of the document lists the flight attendant's base hourly rate. *Def. Opp.* 12:1–3.

As described above, Defendant's wage statement is the Pay Advice. Accordingly, Defendant cannot satisfy its obligations under § 226(a)(9) by requiring its flight attendants to refer to the Pay Register (or MSOE) to supply any information missing from the Pay Advice. *See* Cal. Lab. Code § 226(e)(2)(B), (C) (explaining that employees must be able to "promptly and easily determine" the information required by § 226(a)(9) "from the wage statement alone," i.e., "without reference to other documents or information").

But even if Defendant's wage statement could be interpreted to comprise both the Pay Advice and Pay Register, the Pay Register does not include all the information required by § 226(a)(9). To be sure, the Pay Register lists a flight attendant's "base pay rate." *See Vidrio Decl.* Exs. 2 at 1, 4 at 1, 6 at 1, 8 at 1; *Bradley Decl.* Ex. 2 at 1. But it is undisputed that a flight attendant's hourly rate for any given flight can vary based on a number of factors. *PSUF* ¶ 11; *DRPS* ¶ 11; *DSUF* ¶ 16; *PRDS* ¶ 16. Defendant does not contend that the Pay Register reflects this range of potentially applicable hourly pay rates, nor do the exemplar Pay Registers list any

---

[6] A flight attendant's second monthly payment is equal to his or her total monthly earnings—the greater of either the MPG or the Flying Activity value—minus the Flight Advance, plus certain additional pay items. *DSUF* ¶¶ 11–12, 15; *PRDS* ¶ 11–12, 15. To the extent the Flying Activity value is based on flight time, flight attendants are paid according to the greater of actual or scheduled flight time. *DSUF* ¶ 13; *PRDS* ¶ 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7985 PSG (MRWx) | Date | May 6, 2022 |
|---|---|---|---|

| Title | Felicia Vidrio v. United Airlines, Inc. et al. |
|---|---|

hourly rate besides the base pay rate. *See Vidrio Decl.* Exs. 2 at 1, 4 at 1, 6 at 1, 8 at 1; *Bradley Decl.* Ex. 2 at 1. As such, the Pay Register does not list "all applicable hourly rates in effect during the pay period" for a flight attendant's flight time, nor the "corresponding number of hours worked at each hourly rate." *See* Cal. Lab. Code § 226(a)(9). This document accordingly does not enable flight attendants to determine which of any number of potentially applicable hourly rates is applied to the hours worked or credited for each flight in a pay period.

Because Defendant's wage statements do not list any hourly rates or the number of hours worked at any such rate during a pay period, the Court finds that Plaintiffs have met their burden of demonstrating that Defendant violated § 226(a)(9). Defendant has failed to raise a genuine dispute that its wage statements include this information or to demonstrate that it is exempt from § 226(a)(9). As such, Plaintiffs are entitled to summary judgment on their PAGA Claim to the extent it is based on Defendant's violations of § 226(a)(9). The Court accordingly **GRANTS** Plaintiffs' motion for summary judgment, and **DENIES** Defendant's motion for summary judgment, as to Plaintiffs' first cause of action to the extent it is based on violations of § 226(a)(9).

> ii.    *Employer's Address*

Plaintiffs claim that Defendant violated § 226(a)(8) by listing a post office box ("P.O. Box") on its wage statements rather than a physical address. *Pl. Mot.* 20:18–24. Defendant counters that neither the plain text of § 226(a)(8) nor the other sources of interpretation Plaintiffs point to indicate that the term "address" refers only to a physical address, and that multiple courts have determined that listing a P.O. Box complies with § 226(a)(8)'s requirements. *Def. Opp.* 13:24–14:18; *Def. Mot.* 13:8–14:1.

Section 226(a)(8) requires employers to provide their employees with wage statements showing "the name and address of the legal entity that is the employer." Although § 226 does not define the term "address," at least two courts in this District have concluded that § 226(a)(8) does not require a physical street address and that an employer's "use of a P.O. Box address properly fulfill[s] the requirements of section 226(a)(8)." *Davidson v. O'Reilly Auto Enters., LLC*, ED CV 17-00603-RGK (AJWx), 2017 WL 8288042, at *3 (C.D. Cal. Oct. 13, 2017); *accord Johnson v. Winco Foods, LLC*, No. ED CV 17-2288-DOC (SHKx), 2021 WL 71435, at *5 (C.D. Cal. Jan. 5, 2021).

Here, it is undisputed that for a portion of time relevant to Plaintiffs' claims, Defendant listed a P.O. Box, rather than a physical address, on the Pay Advices it issued to Class Members.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-7985 PSG (MRWx) | | Date | May 6, 2022 |
|---|---|---|---|---|
| Title | Felicia Vidrio v. United Airlines, Inc. et al. | | | |

*See DSUF* ¶ 29; *PRDS* ¶ 29; *PSUF* ¶ 16; *DRPS* ¶ 16. Pointing to the legislative history of § 226, an example wage statement provided on the Division of Labor Standards Enforcement's website, and a separate provision of the Labor Code, Plaintiff contends that the term "address" in § 226(a)(8) should be interpreted to mean a physical address. *Pl. Mot.* 16:11–20:24. The Court disagrees.

When interpreting statutory text, courts should first consider the plain language of the statute and apply the ordinary meaning of the relevant terms. *Lawson v. FMR LLC*, 571 U.S. 429, 440 (2014); *accord United States v. Iverson*, 162 F.3d 1015, 1022 (9th Cir. 1998) (explaining that when a statute does not define a term, courts generally interpret the term according to its "ordinary, contemporary, and common meaning"). Black's Law Dictionary defines the term "address" as "[t]he place where mail or other communication is sent." *Address*, Black's Law Dictionary (11th ed. 2019). As explained by the court in *Davidson*, this "clearly includes a P.O. Box." 2017 WL 8288042, at *3. Moreover, "had the legislature intended to require a street address, as opposed to a mailing address" for § 226(a)(8), "it would have explicitly stated so," *Davidson*, 2017 WL 8288042, at *3, as it did for the separate Labor Code provision Plaintiff points to, *see* Cal. Lab. Code § 2810.5 (stating that employers must provide employees with a written notice at the time of hiring including, among other items, "[t]he physical address of the employer's main office or principal place of business, and a mailing address, if different"); *see also Cornette v. Dep't of Transp.*, 26 Cal. 4th 63, 73 (2001) ("When one part of a statute contains a term or provision, the omission of that term or provision from another part of the statute indicates the Legislature intended to convey a different meaning.").

Because the meaning of the term "address" in § 226(a)(8) unambiguously includes both a physical street address and a P.O. Box, the Court need look no further. *See Davidson*, 2017 WL 8288042, at *3 ("Where, as here, meaning is unambiguous, the court's inquiry ends without considering legislative history.") (citing *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992)); *see also Johnson*, 2021 WL 71435, at *5 (adopting the *Davidson* court's conclusion that listing a P.O. Box rather than a physical address does not violate § 226(a)(8)). The Court accordingly declines to consider the other sources Plaintiffs rely on to support their argument that the term "address" in § 226(a)(8) should be interpreted to mean only a physical street address.

Plaintiffs do not contend that any of Defendant's Pay Advices—the wage statement governed by § 226(a)—failed to include Defendant's address in the form of either a P.O. Box or physical address. Accordingly, because the Court concludes that Defendant complied with § 226(a)(8) by listing a P.O. Box address on its wage statements, Plaintiffs' PAGA Claim fails to

**CIVIL MINUTES - GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 15-7985 PSG (MRWx)                    Date   May 6, 2022

Title   Felicia Vidrio v. United Airlines, Inc. et al.

the extent it is premised on Defendant's supposed violation of § 226(a)(8).  As a result, the Court
**DENIES** Plaintiffs' motion for summary judgment and **GRANTS** Defendant's motion for
summary judgment on Plaintiffs' first cause of action to the extent it is based on violations of
§ 226(a)(8).

      C.     <u>Plaintiffs' Class Claim Under § 226(e)</u>

      Both parties also move for summary judgment on Plaintiffs' second cause of action,
which seeks to recover statutory penalties under § 226(e) for violations of § 226(a)(8) and (a)(9).
*Pl. Mot.* 21:1–25:6; *Def. Mot.* 8:22–18:17.

      To prevail on their § 226(e) claim, Plaintiffs must establish (i) a violation of § 226(a), (ii)
a resulting injury, and (iii) that the violation was "knowing and intentional."  *Willner*, 35 F.
Supp. 3d at 1128 (quoting Cal. Lab. Code § 226(e)(1)); *Lopez*, 15 Cal. App. 5th at 779–80, 784.
The Court addresses each element in turn.

          i.     *Violation of § 226(a)*

      Plaintiffs argue that they have established the first element of their § 226(e) claim by
demonstrating Defendant's violations of § 226(a)(8) and (a)(9) for purposes of their PAGA
Claim.  *Pl. Mot.* 21:26–22:2.  The Court agrees on one count.

      As described above, Plaintiffs have established that Defendant violated § 226(a)(9) by
failing to include hourly rates and hours worked at each rate on its wage statements.  However,
Plaintiffs failed to establish that Defendant violated § 226(a)(8) by listing a P.O. Box address on
its wage statements.  Because Plaintiffs fail to establish a violation of § 226(a)(8), they cannot
establish the first element of their second cause of action under § 226(e) through such a
violation.  As a result, the Court **DENIES** Plaintiffs' motion for summary judgment and
**GRANTS** Defendant's motion for summary judgment as to Plaintiffs' second cause of action for
Illegal Wage Statements (the Class Claim) to the extent it is based on violations of § 226(a)(8).

          ii.     *Injury*

      Plaintiffs argue that they have established the second element of their § 226(e) claim
because Defendant failed to provide them with a wage statement documenting their hourly rates
and the hours worked at each rate.  *Pl. Mot.* 24:13–21.  Defendant does not dispute that Plaintiffs
satisfy the injury element of their claim.  *See generally Def. Opp.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 15-7985 PSG (MRWx)                           Date   May 6, 2022

Title   Felicia Vidrio v. United Airlines, Inc. et al.

An employee is deemed to have suffered injury for purposes of § 226(e) if "the employee cannot promptly and easily determine from the wage statement alone" the information required by § 226(a)(9). Cal. Lab. Code § 226(e)(2)(B)(i). "'[P]romptly and easily determine' means a reasonable person would be able to readily ascertain the information without reference to other documents or information." *Id.* § 226(e)(2)(c).

Here, as already discussed at length, Defendant's Pay Advices do not contain any applicable hourly rates or the number of hours worked at each hourly rate, as required by § 226(a)(9). Accordingly, based on the Court's review of the exemplar Pay Advices, it is clear that Defendant's flight attendants cannot promptly and easily determine the applicable hourly rates and hours worked at each rate from the wage statement alone. Defendant provides some information about hours worked and one applicable hourly rate—the base hourly rate—in the Pay Register, and additional information about hourly pay rates and the various formulas used to calculate flight attendants' pay is available in the CBA. But Defendant cannot require its employees to refer to other documents outside the four corners of the wage statement to ascertain the information required by § 226(a)(9). *See* Cal. Lab. Code § 226(e)(2)(C). Thus, the Court concludes that Plaintiffs have established the injury element of their second cause of action to the extent it is based on violations of § 226(a)(9). *See Willner*, 35 F. Supp. 3d at 1132 (finding the injury element satisfied because, based on the wage statements in the record, an employee could not promptly determine from the wage statements alone the pay period start date or employer's address).

iii.     *Knowing and Intentional*

The parties disagree as to which standard the Court should apply to determine whether any violation by Defendant was "knowing and intentional" within the meaning of § 226(e)(1). Plaintiffs contend that they need not prove that Defendant willfully violated § 226(a)(9) but merely that Defendant "is aware of the format of the wage statements it provides to its employees." *Pl. Mot.* 22:4–15. Defendant, on the other hand, urges the Court to recognize a "good faith" defense and find that any violations of § 226(a)(9) were not knowing and intentional because Defendant had a good faith belief that it complied with the statute through the Pay Advice and Pay Register. *Def. Mot.* 12:19–13:6; *Def. Opp.* 13:7–21. Plaintiffs respond that California law does not recognize a "good faith" defense to § 226(e) claims. *Pl. Opp.* 20:3–24:28.

The Court agrees with Plaintiff. To be sure, two courts in the Northern District of California have recently recognized an airline defendant's good faith defense to a § 226(e)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | | |
|---|---|---|---|---|
| Case No. | CV 15-7985 PSG (MRWx) | | Date | May 6, 2022 |
| Title | Felicia Vidrio v. United Airlines, Inc. et al. | | | |

claim. *See Wilson v. SkyWest Airlines, Inc.*, No. 19-cv-01491-VC, 2021 WL 2913656, at *3 (N.D. Cal. July 12, 2021) (granting defendant's motion for summary judgment in part because it "had a good faith belief it was complying with section 226 by listing the plaintiffs' credit hours, which is the metric more closely tied to their compensation than total hours worked, and thus the metric that better serves section 226's purpose"); *Booher*, No. 15-cv-01203-JSW, Dkt. # 85 (slip op.), at *6–8 (adopting view that a good faith defense applies to § 226(e) claims and finding that defendant established a good faith defense based on its belief that the California Labor Code did not apply to the plaintiffs because they did not work primarily in California). Some other district courts have similarly recognized a good faith defense to § 226(e) claims outside the context of flight attendant wage statements. *See, e.g., Arroyo v. Int'l Paper Co.*, __ F. Supp. 3d __, 2020 WL 887771, at *10–12 (N.D. Cal. Feb. 24, 2020); *Boyd v. Bank of Am. Corp.*, 109 F. Supp. 3d 1273, 1308–09 (C.D. Cal. 2015).

But numerous other federal and state courts have found the good faith defense inapplicable to § 226(e) claims. *See, e.g., Troester v. Starbucks Corp.*, 387 F. Supp. 3d 1019, 1030–31 (C.D. Cal. 2019) (explaining that, while a good faith dispute defense applies to failure to pay wages claims under § 203, "the statute does not extend the good faith dispute defense to wage statement claims" under § 226); *Garnett v. ADT LLC*, 139 F. Supp. 3d 1121, 1133–34 (E.D. Cal. 2015) (concluding that no good faith defense applies to wage statement claims); *Derum v. Saks & Co.*, 95 F. Supp. 3d 1221, 1228 (S.D. Cal. 2015) ("Whether the employer knew it was violating § 226(a) is irrelevant" as "ignorance of the law does not excuse a violation of § 226." (citation omitted)); *Novoa v. Charter Commc'ns, LLC*, 100 F. Supp. 3d 1013, 1027–29 (E.D. Cal. 2015) ("[A] mistake of law—even when made in good faith—does not prevent Defendant's conduct from knowingly and intentionally failing to comply with [§ 226(a)]."); *Bernstein v. Virgin Am., Inc.*, 227 F. Supp. 3d 1049, 1076 (N.D. Cal. 2017) ("Good faith is not a defense to a wage statement violation under § 226."); *Furry v. East Bay Publ'g, LLC*, 30 Cal. App. 5th 1072, 1085 (2018) (concluding that an employer's good faith belief "is not a viable defense" to a § 226 claim); *Kao v. Holiday*, 12 Cal. App. 5th 947, 962 (2017) (explaining that liability is established under § 226(e) even if a defendant "believed, in good faith, that" § 226(a) did not apply because "[s]uch a belief amounts to a mistake of law that is not excused under the statute mandating itemized wage statements").

This Court finds the reasoning in the latter line of cases more persuasive. As a court in this District explained in *Troester*, although state regulations explicitly recognize a good faith defense for failure to pay wages claims under § 203, they do not extend this defense to wage statement claims under § 226. 387 F. Supp. 3d at 1030 (citing Cal. Code Regs., tit. 8, § 13520(a)). Nor does the statute mention a good faith defense applicable to § 226(e) claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 15-7985 PSG (MRWx) | Date | May 6, 2022 |
| Title | Felicia Vidrio v. United Airlines, Inc. et al. | | |

*Id.* Section 226 states that a violation is not knowing and intentional if it was "an isolated or unintentional payroll error due to a clerical or inadvertent mistake" and that "the factfinder may consider as a relevant factor whether the employer . . . has adopted . . . a set of policies, procedures, and practices that fully comply with [§ 226]." Cal. Lab. Code § 226(e)(2)(C)(3)). As the *Troester* court explained, "[t]his factor would be irrelevant if an employer's good faith belief of compliance would be sufficient to defeat any wage statement claim." 387 F. Supp. 3d at 1030–31 (citing *Garnett*, 139 F. Supp. 3d at 1134); *accord Novoa*, 100 F. Supp. 3d at 1028–29 (explaining that "it would be equally meaningless for subdivision (e)(3) to" exclude clerical errors and mistakes "because a good faith belief that the employer complied with Section 226(a) would likely envelop all inadvertent mistakes"). As such, the Court holds that Defendant may not raise a good faith defense to Plaintiffs' second cause of action under § 226(e).

Thus, to establish the knowledge element of their second cause of action under § 226(e), Plaintiffs must show that Defendant "knew that its wage statements did not contain" information required by § 226(a) but not that it "knew that this conduct . . . was unlawful." *Willner*, 35 F. Supp. 3d at 1131; *see also Novoa*, 100 F. Supp. 3d at 1028 (explaining the relevant inquiry as "whether the employer was aware of the factual predicate underlying the violation; e.g., whether [it] knew that the wage statement" lacked information required by § 226(a)).

Here, Plaintiffs argue that Defendant was aware of and intended the format of the wage statements it provided to Class Members. *Pl. Mot.* 22:4–19. As described above, Defendant's Pay Advices do not contain any information about hourly rates or hours worked at each hourly rate, as required by § 226(a)(9). Defendant does not proffer any evidence indicating that it was unaware that its Pay Advices failed to include this information. Rather, it challenges the "knowing and intentional" element of Plaintiffs' § 226(e) claim solely on the basis of a good faith defense that the Court rejected above. *See Def. Mot.* 12:19–13:6; *Def. Opp.* 21:27–22:24; *Def. Reply* 11:26–12:20.

Plaintiffs present undisputed circumstantial evidence of Defendant's knowledge. It is undisputed that the first monthly Pay Advice lists a "flat amount for the Flight Advance" under the "Hours and Earnings" section and that the second monthly Pay Advice lists similar values for "Regular Pay" and other applicable categories of pay. *DSUF* ¶¶ 18–19; *PRDS* ¶¶ 18–19. But the exemplar Pay Advices contain no corresponding values in the columns for hourly rates or hours worked at each rate. *See Vidrio Decl.* Exs. 1, 3, 5, 7; *Bradley Decl.* Ex. 1. Plaintiffs also point to a declaration from one of Defendant's employees, who declares that Defendant issues these Pay Advices to its flight attendants along with each payment of wages. *Declaration of Kevin Spars*, Dkt. # 29-3, ¶ 3. Given that Defendant knowingly provided Pay Advices to its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 15-7985 PSG (MRWx) | Date | May 6, 2022 |

| | |
|---|---|
| Title | Felicia Vidrio v. United Airlines, Inc. et al. |

---

flight attendants, *id.*, and the clear lack of information about hourly rates and hours worked at each rate in any of the Pay Advices, Plaintiffs provide sufficient circumstantial evidence of Defendant's knowledge that its wage statements did not comport with § 226(a)(9). Defendant does not point to any conflicting evidence from which a jury could reasonably infer that it was *unaware* of the format and contents of the Pay Advices it issued to its flight attendants. Nor does Defendant provide any evidence—or argument—to suggest that its failure to include the required information was the result of "an isolated or unintentional payroll error due to a clerical or inadvertent mistake." *See* Cal. Lab. Code § 226(e)(2)(C)(3)). Defendant thus fails to raise a genuine dispute as to its knowledge that the Pay Advices lacked the information required by § 226(a)(9). Therefore, the Court finds that Plaintiffs have established the knowledge element of their second cause of action insofar as it is based on Defendant's violations of § 226(a)(9).

Because Plaintiffs have established all three elements of their second cause of action for Illegal Wage Statements (the Class Claim) under § 226(e) based on Defendant's violations of § 226(a)(9), the Court **GRANTS** Plaintiffs' motion for summary judgment and **DENIES** Defendant's motion for summary judgment as to Plaintiffs' second cause of action to the extent it is based on violations of § 226(a)(9).

IV.    Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** both motions, as follows:

- The Court **GRANTS** Plaintiffs' motion for summary judgment as to their first cause of action for Illegal Wage Statement PAGA Penalties (the PAGA Claim) to the extent it is based on violations of § 226(a)(9) and **DENIES** Plaintiffs' motion for summary judgment as to their first cause of action to the extent it is based on violations of § 226(a)(8).

- The Court **GRANTS** Plaintiffs' motion for summary judgment as to their second cause of action for Illegal Wage Statements (the Class Claim) to the extent it is based on violations of § 226(a)(9) and **DENIES** Plaintiffs' motion for summary judgment as to their second cause of action to the extent it is based on violations of § 226(a)(8).

- The Court **DENIES** Defendant's motion for summary judgment as to Plaintiffs' first cause of action for Illegal Wage Statement PAGA Penalties (the PAGA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.   CV 15-7985 PSG (MRWx)                        Date   May 6, 2022

Title   Felicia Vidrio v. United Airlines, Inc. et al.

Claim) to the extent it is based on violations of § 226(a)(9) and **GRANTS** Defendant's motion for summary judgment as to Plaintiffs' first cause of action to the extent it is based on violations of § 226(a)(8).

- The Court **DENIES** Defendant's motion for summary judgment as to Plaintiffs' second cause of action for Illegal Wage Statements (the Class Claim) to the extent it is based on violations of § 226(a)(9) and **GRANTS** Defendant's motion for summary judgment as to Plaintiffs' second cause of action to the extent it is based on violations of § 226(a)(8).

To the extent they are premised on violations of § 226(a)(2), Plaintiffs' first and second causes of action remain for trial. Further, the amount of civil penalties Plaintiffs are entitled to recover under their first cause of action for Illegal Wage Statement PAGA Penalties and the amount of statutory penalties Plaintiffs are entitled to recover on their second cause of action for Illegal Wage Statements (the Class Claim) remain to be determined at trial.

**IT IS SO ORDERED.**