UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. WARD and BRUCE RICHARDS, individually, and on behalf of all others similarly situated,<br>        Plaintiffs,<br>  v.<br><br>UNITED AIRLINES, INC.,<br>        Defendant. | No. C 15-02309 WHA<br><br>**ORDER RE MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

In this certified class action involving alleged deficiencies on wage statements for airline pilots, plaintiffs move for partial summary judgment and defendant moves for summary judgment. For the reasons expressed herein, this order **GRANTS IN PART** and **DENIES IN PART** both motions.

## STATEMENT

Plaintiffs Charles E. Ward and Bruce Richards represent a class of current or former pilots employed by defendant United Airlines, a major passenger airline serving destinations all over the world. In April 2015, plaintiff Ward filed this action in the Superior Court of the State of California, County of San Francisco, and United promptly removed the case here pursuant to the Class Action Fairness Act ("CAFA"). Ward claimed that United violated various provisions of Section 226(a) of the California Labor Code. Ward also asserted claims under the

California Private Attorneys General Act. In March 2016, an order granted Ward's motion for class certification as to two claims for relief (Dkt. No. 44). Thereafter, the parties filed cross-motions for summary judgment (Dkt. Nos. 55, 72). A July 2016 order denied Ward's motion and granted summary judgment for United, finding that Ward could not bring class claims under California Labor Code Section 226 because the pilots worked primarily outside of California and that the extraterritoriality and dormant commerce clause defenses applied (Dkt. No. 78).

Ward appealed to our court of appeals which certified the following questions to the California Supreme Court: (1) Does the Railway Labor Act ("RLA") exemption in Wage Order No. 9, concerning wage statement requirements, bar plaintiffs' claims; and (2) does California Labor Code Section 226 apply to wage statements provided by an out-of-state employer to an employee who resides in California, receives pay in California, and pays California income tax on her wages, but who does not work principally in California or any other state? *Ward v. United Airlines, Inc. (Ward I)*, 889 F.3d 1068 (9th Cir. 2018). The California Supreme Court responded as follows:

> Section 226 applies to wage statements provided by an employer if the employee's principal place of work is in California. This test is also satisfied if the employee works a majority of the time in California, or for interstate transportation workers whose work is not primarily performed in any single state, if the worker has his or her base of work operations in California.

*Ward v. United Airlines Inc.*, 9 Cal. 5th 732, 760–61 (2020). Our court of appeals then reversed summary judgment in favor of United, holding that Section 226 applied to class members in this case if they met the requirements of the "*Ward* test" established by the California Supreme Court. *Ward v. United Airlines, Inc. (Ward II)*, 986 F.3d 1234, 1245 (9th Cir. 2021). It remanded the action with instructions to modify the class definitions pursuant to

2

the *Ward* test and to determine if United's wage statements violate Section 226. *Ward II*, 986 F.3d at 1245.

On remand, an order dated July 29, 2021, granted Ward's motion to modify the class definition to comply with the *Ward* test as follows:

> All pilots employed by United Airlines, Inc., at any time between April 3, 2014, up to the time of the final judgment (the Covered Time Period), who have or had a designated home-base airport in California at any time during the Covered Time Period, and who, at any time during the Covered Time Period, either worked the majority of their time in California or did not work the majority of their time in any one state

(Dkt. No. 97). Plaintiff Bruce Richards was added as a named plaintiff in October 2021. Plaintiffs now move for summary judgment as to both claims for relief to the extent they are based on violations of California Labor Code Sections 226(a)(2), (a)(8) and (a)(9). United also moves for summary judgment as to both claims on the basis that it complied with all sections of the California Labor Code at issue.

**ANALYSIS**

At all material times, United has assigned routes to pilots according to schedules that roughly equate to calendar months called "bid periods" (so called because pilots could bid for routes, which United assigns according to seniority). In a given bid period, a pilot could work as a "lineholder pilot," meaning United would assign him or her a predetermined flight schedule, or a "reserve pilot," meaning he or she would remain on call to fly segments as needed. A collective bargaining agreement between United and the Air Line Pilots Association, established pursuant to the Railway Labor Act, governs the terms and conditions of employment for United's pilots, including the scheduling procedure and compensation structure.

United pays its pilots twice monthly, on the first and the sixteenth day of each month. The collective bargaining agreement set forth three methods for calculating a pilot's total pay for a bid period: (i) line-pay value, (ii) minimum-pay guarantee, and (iii) protected-time credit

3

1  (available only to lineholder pilots).  A pilot's total compensation for a bid period would be the
2  largest of the three measures.  United calculates the amount of the first payment in a bid period
3  (on the first of the month) based on a formulaic estimate of the total hours it anticipates the pilot
4  will work during the bid period.  United calls this first payment a "Flight Advance."  United's
5  wage statements do not list the estimated hours used to calculate the Flight Advance.  The
6  second payment (on the sixteenth of the month) amounts to the difference between the Flight
7  Advance and the total compensation owed to the pilot for that bid period (again, the greater of
8  the three measures identified above) plus certain bonuses (called "add pay").  United also does
9  not list on the wage statements which of the three measures was used to calculate the second
10 payment.

11  As a threshold matter, the parties contest which documents constitute United's wage
12 statement.  Plaintiffs argue that United impermissibly attempts to satisfy the requirements of
13 Section 226(a) through a combination of documents that the pilots must cross-reference in order
14 to determine their pay information — the Pay Advice, Pay Register, and CBA — rather than a
15 single comprehensive document (Dkt. No. 112).  United claims that while the Pay Advice and
16 Pay Register may need to be consulted together to assess pay information, the CBA is not part of
17 the wage statement; only that it may be consulted if pilots wish to confirm the accuracy of any
18 pay rates (Dkt. No. 117).  This order considers whether United's wage statements can consist of
19 both the Pay Advice and Pay Register, and if not, which document, if any, constitutes the wage
20 statement for purposes of evaluation under Section 226.

21  Section 226(a) requires that an employer provide their employees "an accurate itemized
22 wage statement in writing" as a "detachable part of the check."  Cal. Lab. Code § 226(a).  While
23 United raises the point that Section 226(a) allows for electronic wage statements to be provided
24 "separately" from the paycheck itself, this is only the case if "wages are paid by personal check
25 or cash."  *Ibid.*  It is, therefore, not relevant to this discussion.  The wage statement must specify,
26 among other things, gross wages earned, total hours worked, the employer's name and address,
27 and "all applicable hourly rates in effect during the bid period and the corresponding number of
28 hours worked at each hourly rate by the employee."  *Ibid.*  Our court of appeals added that

"Section 226 further provides that an employee must be able to 'promptly and easily determine' these items of information 'from the wage statements alone.'" *Ward II*, 986 F.3d at 1237–38. It said that this means "'a reasonable person would be able to readily ascertain the information without reference to other documents or information.'" *Ibid*. While the statute does not explicitly address whether a wage statement can be comprised of multiple separate documents, this order finds, by virtue of the decision from our court of appeals, that United cannot mix and match its Pay Advice and Pay Register into a wage statement to satisfy the requirements of Section 226. This finding also accords with the underlying purpose of the provision as expressed by the California Supreme Court. *See Oman v. Delta Airlines, Inc.*, 9 Cal. 5th 762, 774 (2020); *see also Ward*, 9 Cal. 5th at 753.

The California Supreme Court's descriptions of wage statements governed by Section 226(a) provide guidance on this topic. *Oman* described the wage statement as a "single comprehensive statement of pay." 9 Cal. 5th 762, 774 (2020). Similarly, in *Ward*, it described the legislature's "desire for a single statement documenting employee pay." *Ward*, 9 Cal. 5th at 753. This order agrees with the court in *Vidrio v. United Airlines* which held that United's Pay Advice cannot be combined with the separate Pay Register available online to constitute a unified wage statement. 2022 WL 1599918 at *5 (C.D. Cal. 2022) (Judge Philip Gutierrez). United's wage statement must be a single document provided as a detachable part of an employee's check.

In accordance with the above conclusion, this order finds the Pay Advice to be United's wage statement for the purposes of evaluation under Section 226(a) because it is the only document that accompanies pilots' paychecks twice monthly.

1. Plaintiffs' PAGA Claims

To succeed on a PAGA claim for recovery of civil penalties for a violation of Section 226, plaintiffs need only establish a violation of its provisions and need not demonstrate the two additional elements of a claim for statutory penalties under Section 226(e): (1) that an employee suffered injury as a result of the violation and (2) that the employer's failure to comply with Section 226(a) was "knowing and intentional." *Raines v. Coastal Pac. Food Distribs., Inc.,* 23

Cal. App. 5th 667, 670 (2018). Having established that United's Pay Advice constitutes its wage statement, this order now considers whether it is in violation of Section 226(a)(2), (a)(8), or (a)(9).

> i.  *Total Hours Worked, Applicable Hourly Rates and Hours Worked at Each Rate*

Sections 226(a)(2) and (a)(9) collectively require wage statements to include "total hours worked by the employee" and "all applicable hourly rates in effect during the bid period and the corresponding number of hours worked at each hourly rate by the employee." Cal. Lab. Code §§ 226(a)(2), (a)(9). Plaintiffs claim that United violated Sections 226(a)(2) and (a)(9) because its Pay Advice does not list the total hours worked by the pilots, the applicable hourly rates paid, nor the number of hours worked at each corresponding hourly rate. United does not contend that the Pay Advice contains this information. Rather, it argues that the information required by these provisions are fundamentally incompatible with how pilots were and are paid. And, when pilots are arguably paid based on hours worked, United argues information contained in the online Pay Register satisfies and even exceeds the requirements of the statute.

Does the Pay Advice include the information required by Sections 226(a)(2) and (a)(9)? On their face, United's wage statements do not include total hours worked, or the proper hourly rates and corresponding numbers of hours worked at each rate (Dkt. No. 112-1). United contends that it has not listed these items because doing so would create unnecessary confusion for pilots seeking to confirm the accuracy of their pay. United argues that both the California Supreme Court and Judge Laurel Beeler of our Northern District of California have concluded that the way pilots are paid is perfectly lawful under California law. *See Oman*, 9 Cal. 5th at 788–789; *see also Ward v. United Airlines,* 2021 WL 6427868, at *7 (N.D. Cal. Dec. 21, 2021) (Judge Laurel Beeler). It therefore maintains that it would be illogical to recognize that United's pay scheme complies with California law, but also require it to list certain items on its wage statements that are unconnected to how the pilots are paid. In short, United asks to be excused

6

from compliance with Section 226(a).  This order acknowledges the complexities of United's pay scheme, but does not agree that this difficulty justifies noncompliance.  We consider United's arguments in turn.

*First*, United relies on *Soto v. Motel 6 Operating L.P.*, 4 Cal. App. 5th 385, 391 (2016), to argue that Section 226(a) is not concerned with prescribing specific information that must be listed on a wage statement, but rather concerned that employers issue wage statements that accurately reflect employees pay.  But *Soto* only held that an employer need not include a vacation benefit in a wage statement unless and until that benefit was required to be paid.  It did not hold, as United suggests, that the employer could excuse itself from adhering to the requirements of Section 226(a).  *Id*. at 393.  *Soto* explained that while it must "construe wage statutes broadly in favor of employees," it was not free to "rewrite [the] applicable legislation to include a nonexistent requirement" or read an exception into the provision.  *Soto*, 4 Cal. App. 5th at 393 (cleaned up).  But United essentially asks this order to excuse it from complying with the statutory commands of Sections 226(a)(2) and (a)(9) because it employs a complex, bargained-for pay-scheme.  United's contention that the statutory purpose of Section 226 described in *Soto* "can only be accomplished by a wage statement that captures the complexities and nuances of [its] applicable pay scheme" is rejected.  United's wage statements fail to provide sufficient information to even begin to reflect the complexities of its pay scheme.  United's Pay Advice does not list the hours used to calculate the Flight Advance nor the applicable hourly rate used.  Furthermore, the hours worked, and corresponding hourly rates have not been provided in any detail on the wage statements given to pilots with their second paycheck of the month — not even to reflect the credit hour system which United claims to be more reflective of the way its pilots are actually paid.  Moreover, although the pilot's second paycheck of the month is paid under one of three possible pay scenarios (*e.g.*, line-pay value, minimum-pay guarantee, or protected-time credit), the Pay Advice does not show which of the three pay scenarios was used

7

to calculate the pilot's wages. It's not clear how such barebones wage statements could possibly better serve Section 226's purpose than including the information prescribed by the provision.

*Second*, United explains that compliance with the statutory provisions would require it to impermissibly place form over substance and relies on a false understanding of the holding from *Wilson v. SkyWest Airlines, Inc.*, 2021 WL 2913656, at *3 (N.D. Cal. 2021) (Judge Vince Chhabria). *Wilson* addressed a similar alleged violation in flight attendants' wage statements but did not actually reach this specific issue on the merits. While *Wilson* did state that SkyWest's credit hour metric on its wage statements was more closely tied to the flight attendant's compensation and may have better served Section 226(a)'s purpose, it did not reach the question of whether it was a permissible wage statement under the provision. *See id.* at *2. It instead narrowly granted United's motion for summary judgment on the grounds that its violations were not "knowing and intentional" under Section 226(e)(1). Cal. Lab. Code § 226(e)(1). It, therefore, offers no real guidance on the topic at issue here.

*Third*, United claims that when its pilots are arguably paid based on hours worked, the combined Pay Advice and Pay Register, and sometimes the Pay Register alone, provide all the information required by Sections 226(a)(2) and (a)(9). It explains that the Pay Register lists the amount of time a pilot spent flying that bid period and the pilot's base hourly rate. United asserts that pilots must only do "simple math" to arrive at their total hours worked (Dkt. No. 115 at 9). Having found that the Pay Register is not a part of United's wage statement, this argument fails. Even if, however, the Pay Register could be combined with the Pay Advice to make a single wage statement, the two documents together still do not provide pilots with the information required by Section 226(a). Even in combination, the documents do not list total hours worked, applicable hourly rates nor the corresponding number of hours worked at each rate. United's wage statement does not allow pilots to determine which of any number of

potentially applicable hourly rates is applied to the hours worked or credited for work completed in the bid period.

*Fourth*, to the extent United reasserts its RLA preemption argument, it is denied. This issue was addressed by our court of appeals which held that plaintiffs' claims were not preempted by the RLA because (1) they are not grounded in the CBAs and (2) their resolution would not require interpreting the CBAs. *Ward II*, 986 F.3d at 1244. It specifically stated that "no interpretation of the CBAs will be required to resolve plaintiffs' claims" but rather that "a court will simply need to examine the wage statements plaintiffs received from [United] to determine if the statements comply with the requirements of § 226." *Ibid.* This order must obey our appellate court.

Accordingly, plaintiffs have met their burden of demonstrating that United violated Sections 226(a)(2) and (a)(9). United has failed to raise a genuine dispute that its wage statements include the information required under the statute or demonstrate that it should be exempt from the requirements. As such, plaintiffs' motion for summary judgment based on violations of Sections 226(a)(2) and (a)(9) is **GRANTED** and United's motion for summary judgment is **DENIED**.

ii. *Employer's Address*

Plaintiffs claim that United violated Section 226(a)(8) by listing a post office box ("P.O. Box") on its wage statements rather than a physical address. United contends that neither the plain text of Section 226(a)(8) nor the other sources of interpretation plaintiffs point to indicate that the term "address" refers only to a physical address. United cites two California district court decisions that have concluded that listing a postal box does comply with Section 226(a)(8).

It is undisputed that for the period relevant to plaintiffs' claims, United listed a Houston, Texas, postal box address rather than a physical address on the Pay Advice it issued to pilot class members (Dkt. No. 70-1 ¶ 3; Dkt. No. 57-3).

9

Section 226(a)(8) requires employers to furnish wage statements to their employees that show "the name and address of the legal entity that is the employer." Cal. Lab. Code § 226(a)(8). While Section 226(a) does not explicitly define the scope of the term "address," three judges in the Central District of California have now unanimously concluded that "use of a P.O. Box address properly fulfill[s] the requirements of section 226(a)(8)." *Davidson v. O'Reilly Auto Enters., LLC*, 2017 WL 8288042, at *3 (C.D. Cal. 2017) (Judge R. Gary Klausner); *accord Johnson v. Winco Foods, LLC*, 2021 WL 71435, at *5 (C.D. Cal 2021) (Judge David Carter); *accord Vidrio v. United Airlines, Inc.*, 2022 WL 1599918 (C.D. Cal May 6, 2022) (Judge Philip Gutierrez). This order agrees.

Plaintiffs point to a separate provision of the California Labor Code, an exemplar wage statement provided by the Division of Labor Standards Enforcement's website, and the legislative history of Section 226 to support its interpretation that the term "address" in Section 226(a)(8) requires an employer to list a physical address. These arguments are flawed.

For one, when interpreting statutory text, courts should fist consider the plain language of the statute and assign the ordinary meaning to any relevant undefined terms. *Lawson v. FMR LLC*, 571 U.S. 429, 440 (2014); *accord United States v. Johnson*, 680 F.3d 1140, 11444 (9th Cir. 2012) (stating that "if the plain meaning of the statute is unambiguous, that meaning is controlling…" (citation omitted)). Black's Law Dictionary defines the term "address" as "[t]he place where mail or other communication is sent." *Address*, *Black's Law Dictionary* (11th ed. 2019). This order agrees with the conclusion reached in *Davidson* that this definition "clearly includes a P.O. Box." 2017 WL 8288042, at *3. Moreover, if the legislature intended to require a street address, as opposed to a mailing address to comply with Section 226(a)(8) it likely would have done so as it did for the separate Labor Code provision plaintiffs cite. *See* Cal. Lab. Code § 2810.5; *see also Johnson*, 680 F.3d at 1144 (stating "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally

10

presumed that Congress intentionally and purposely in the disparate inclusion or exclusion" (cleaned up).

Because the meaning of the term "address" in Section 226(a)(8) is unambiguous, this order will not consider other methods of statutory interpretation. *See Davidson*, 2017 WL 8288042, at *3 (citing the proposition from *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 that "[w]hen the words of a statute are unambiguous, then… [the] "judicial inquiry is complete.")

Thus, plaintiffs' motion for summary judgement is **DENIED** and United's motion for summary judgment on plaintiffs' PAGA claim based on violations of Section 226(a)(8) is **GRANTED.**

2. Plaintiffs' Class Claims Under Section 226(e)

To succeed on their Section 226(e) claim for recovery of statutory penalties, plaintiffs must establish (i) a violation of Section 226(a); (ii) a resulting injury, and (iii) that the violation was "knowing and intentional." *Willner v. Manpower Inc.*, 35 F. Supp. 3d 1116, 1128 (N.D. Cal. 2014) (Judge Jon S. Tigar) (quoting Cal. Lab. Code § 226(e)(1)). These elements are considered in turn.

   *i.   Violation of Section 226(a)*

Plaintiffs claim they have established the first element of their Section 226(e) claims by proving that United violated Sections 226(a)(2), (a)(8) and (a)(9) for purposes of their PAGA claim. As explained above, plaintiffs have established that United violated Sections 226(a)(2) and (a)(9) by failing to meet the statutory requirements. Because of this, plaintiffs satisfy element (i) of Section 226(e)'s requirements by showing two violations of Section 226(a). Plaintiffs failed to establish that United violated Section 226(a)(8) by listing a postal box on its wage statements, so this does not count as a statutory violation.

11

*ii.   Injury*

Plaintiffs argue that they established the second element of the Section 226(e) claim by showing that United did not list the information required by Section 226(a) on its wage statements. They claim pilots could not easily retrieve the information by combing through other documents provided by United. Defendant makes no showing to dispute that plaintiffs satisfy the injury element of their claim.

An employee is deemed to have suffered injury for purposes of Section 226(e) if "the employee cannot promptly and easily determine from the wage statement alone" the information required by Sections 226(a)(2) and (a)(9). Cal. Lab. Code § 226(e)(2)(B). "'[P]romptly and easily determine' means a reasonable person would be able to readily ascertain the information without reference to other documents or information." Cal. Lab. Code § 226(e)(2)(C).

Here, as discussed, United's wage statements do not show the total hours worked, applicable hourly rates nor the number of hours worked at each rate. As such, pilots cannot promptly and easily determine the relevant information from the wage statements alone. United may not require its employees to refer to documents outside of the four corners of the wage statement to determine information required by Sections 226(a)(2) and (a)(9). Plaintiffs have thus established the injury element on their class claim.

*iii.   Knowing and Intentional*

The parties disagree as to whether any violation by United was "knowing and intentional" within the meaning of Section 226(e). Plaintiffs argue that they need not prove that United willfully violated the requirements of Section 226(a), only that United was aware of and/or intended the format of the wage statements as they were provided to the pilots (Dkt. No. 112). United argues that no "knowing and intentional" violation could have occurred because it had both a good-faith belief that it was complying with Section 226 and had relied

12

on our prior order which held that the statute did not apply to United's pilots wage statements (Dkt. No. 116).

This order joins a number of district courts that have held wage statement claims under Section 226(e) require plaintiffs to show a willful violation. *See, e.g., Arroyo v. Int'l Paper Co.*, 2020 WL 887771 at *12 (N.D. Cal. Feb. 24, 2020) (Judge Beth Labson Freeman); *Wilson*, 2021 WL 2913656 at *3. United did rely on our prior order that held Section 226 did not apply to the pilots' wage statements and plaintiffs' claims were barred by the RLA. Our court of appeals, however, remanded that order on February 2, 2021. *See Ward II*, 986 F.3d at 1245. Accordingly, until the court of appeals decision, United's violations were not knowing and intentional. But, from February 2, 2021, and onward, United was on sufficient notice that Section 226 applied and its pilots' wage statements were insufficient. United's continued noncompliance became, at that point, knowing and intentional for the purposes of Section 226(e). At the hearing, United argued that if we found that it's actions were not "knowing and intentional," we must also find there was no violation under PAGA. This is not so. As explained above, PAGA does not require the additional elements of injury and "knowing and intentional" action. It is suffice under PAGA that there has been a violation under 226(a), which we find in this case.

**CONCLUSION**

For the reasons explained herein, the findings are as follows:

1. Plaintiffs have established their PAGA claim by demonstrating that United violated Sections 226(a)(2) and (a)(9). A hearing on damages calculations shall be provided to the parties at a later date.

2. As of February 2, 2021, plaintiffs have established their class claim under Section 226(e). Plaintiffs are now ordered to **SHOW CAUSE** as to why the class should not be subdivided, considering that the class claim now applies only to pilots who received defective wage

statements from February 2, 2021, onwards. Counsel for plaintiffs shall please submit briefing on this topic no later than **THURSDAY, AUGUST 18TH AT NOON**.

**IT IS SO ORDERED.**

Dated: August 7, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT
JUDGE

14